## Case No. 10,709.
### PARASSEL v. GAUTIER.
[2 Dall. 330.] [1]
Circuit Court, D. Pennsylvania. 1795.

BAIL—ACTION IN FEDERAL COURT AFTER DISCONTINUANCE IN STATE COURT—WHEN REQUIRED.

[1. It is not a sufficient reason for refusing to hold a defendant to bail in a federal court, that he had been discharged on common bail in an action for the same cause in a state court, which had subsequently been discontinued, where it does not otherwise appear that the change of forum was for purposes of vexation.]

[2. The merits of a controversy will not be examined upon a question of bail, further than to ascertain if a reasonable cause of action is shown.]

[Cited in Parkhurst v. Kinsman, Case No. 10,761; Graham v. Dominguez, Id. 5,664.]

A capias had issued in this suit, returnable to the present term; but previously to the return of the writ, there had been a hearing before Judge Peters, at his chambers, upon a citation to shew cause, why the defendant should not be discharged on common bail; the judge had ordered bail to be given; and the defendant had appealed from this order to the court. The merits of the appeal were now discussed; and, independent of some circumstances relating to the origin of the debt (which the court said ought not to weigh upon a question of bail [2]) the material facts appeared to be these: An action had been instituted in the supreme court of Pennsylvania, between the same parties, for the same cause; and on a hearing before Chief Justice M'Kean, the defendant was ordered to be discharged on common bail. From that order the plaintiff did not appeal; but afterwards applied by motion to the supreme court, for a rule upon the defendant to enter special bail. This the court refused; because they would not take cognizance of the subject, but by

[1] [Reported by A. F. Dallas, Esq.]
[2] Patterson, Circuit Justice. If you make it a question of fraud in the original contract, or in the assignment, the court cannot enquire into it, upon a question of bail. We cannot travel into the merits of the controversy. It would be, in effect, a pre-adjudication of the cause. The principle that must govern such preliminary investigations rests here; if a reasonable cause of action is shewn, the defendant ought to be held to bail.

way of appeal from the decision of the chief justice; and the proper time for making such an appeal had elapsed. Under these circumstances, the plaintiff discontinued his action in the state court, and brought the present action here. It also appeared that the plaintiff (who was a foreigner, ignorant of our laws) had not originally employed an attorney to appear before Chief Justice M'Kean, though the person that then attended him, pretended to have a competent knowledge of legal proceedings.

M. Levy, for plaintiff, contended that bail ought to be given. Nothing short of a judgment, can be a perpetual bar in personal actions; and, therefore, the certificate of a discharge on common bail by the chief justice of Pennsylvania, was not binding upon the judge of this court, who had given a different order. The person, character, and legal talents, of that judge could not be taken into view. The justices of the courts of common pleas possess a concurrent jurisdiction without possessing a spark of his jurisprudential knowledge; and yet if his discharge is conclusive, so likewise must theirs be.[3] Actions are often commenced after non-suits; and, it is clear, that the second court is not bound, in such cases, nor even in cases where a decision may have been had on the merits, by the opinion of a first court. It is true, that every species of vexation should be discountenanced; but every mistake ought not to be interpreted into an act of vexation. The plaintiff was ill-advised in the mode of presenting his case to the chief justice of Pennsylvania; and, considering his ignorance of our laws, he ought not to lose the benefit of bail, by the laches of his agent, in not pursuing the technical form of an appeal. Nor is the discontinuance of the former action, under these circumstances, to be imputed to him as matter of malice and persecution. If the plaintiff's motive was originally just and commendable, to recover a bona fide debt, the allegation of any subsequent impropriety must be manifested by some fact: now, if he was ever fairly entitled to hold the defendant to bail, the discharge can furnish no ground to accuse the plaintiff of vexation for endeavouring, by various means, to accomplish that object; and, after the state court had refused to interpose, he must either abandon that object, or discontinue his suit, and resort to another tribunal. A man may commence a suit as often as he pleases; and may hold his debtor twenty different times to bail, if any reasonable cause can be assigned for so withdrawing and renewing the process of the law. No argument to the contrary can be

founded on 2 Wils. 381; for bail was there refused on the second action, because it had not been asked in the first. Vexation must flow from a worse source than ignorance, or accident: it is generally instigated by malice; and always characterized by vigilance. In the present case, there is no symptom of malice; and the want of vigilance has alone produced the plaintiff's embarrassment.

Mr. Du Ponceau, for defendant, admitted, that when a discontinuance took place, without any vexatious design or effect, either in consequence of a mistake in the nature of the action, or of an attorney's slip in the form of conducting it, bail might be ordered in the second action, for the same cause: But he contended, that when a question has been decided by one tribunal, another tribunal of co-ordinate jurisdiction will not take cognizance of it, except in the regular course of a judicial appeal. He urged, likewise, that the circumstances of instituting and discontinuing an action in the state court, were prima facie evidence of vexation, that required a better explanation and excuse than have been given; and to these he added the change of the tribunal. But he particularly insisted, that the neglect of appealing from the order of Chief Justice M'Kean, was his own laches, which he ought not to be allowed to remedy by transferring the suit to another court, at the expense of his antagonist. 2 Wils. 381.

Before PATTERSON, Circuit Justice, and PETERS, District Judge.

PATTERSON, Circuit Justice. The grounds of vexation in this case do not appear to me to be such as to justify the refusal of bail; and every case of this nature must be decided upon its own circumstances. I shall always, indeed, be a friend to the practice of holding to bail, wherever there is a probable cause of action. Here the cause of action is apparent; and though it may be liable to a reasonable controversy, or may be refuted upon a trial, we ought not to investigate the merits at this stage, further than to ascertain what probability there exists in support of the plaintiff's claim. The neglect to appeal from the order of the chief justice of Pennsylvania, which eventually occasioned the discontinuance of the first suit, appears, likewise, to be a mere slip of the attorney; and if we can, consistently with the law, prevent the plaintiff's suffering in consequence of that slip, I think we ought to do it.

PETERS, District Judge. On the hearing before me, I perceived, that there had been a lapse in not bringing the first suit formally before the state court; and I was desirous of putting the question on the same footing here, as if an appeal had been regularly instituted there. I entertain a high

---

[3] Patterson, Circuit Justice. The certificate of the Chief Justice of Pennsylvania is produced as evidence of vexation, on the part of the plaintiff; and not to bind the judgment of the court.

respect for the opinions of the chief justice of Pennsylvania; and, on this occasion, I am disposed to think, that the plaintiff's inability to state his case in the absence of his attorney, or the defect of proof at the time, occasioned his issuing the order for discharging the defendant on common bail. But, as the matter appears to this court, I perfectly concur in the sentiments, which have been delivered by Judge PATTERSON.

The order to hold the defendant to bail, was, accordingly, affirmed.