[St. Clair *v.* Rempublicam.]

the state of Delaware, and declared that orders had been actually given already for that purpose.

# *Arthur St. Clair, esq. *against* Rempub-   [*207
licam.

A payment by an auctioneer to the Comptroller General, is not valid.    It ought to be the State Treasurer.

APPEAL from the settlement of St. Clair's accounts, as an auctioneer of the city, on the 9th April 1804.

The following case was stated for the court's opinion.

On the 14th May 1792, the appellant having been summoned by John Nicholson, then Comptroller General, appeared at his office, when an account was made out against him, on which the balance of 1163l. 12s. 5d. appeared due from him to the commonwealth; and payment thereof was demanded.    The said St. Clair then paid to the Comptroller General 187l. 10s., and the said Comptroller General gave him a receipt for the same, and also entered a credit on the account for the sum of 280l. 16s. paid before that time (*prout* account and receipt, and also orders of Executive Council.)

The Comptroller General also made an entry in the said account, and in his own diary, that the said St. Clair was entitled to credit for his commission as public auctioneer on the sale of certain public lands and city lots, (*prout* entry.)

In the year 1803, the appellant received from the present Comptroller General, a statement of his accounts settled the 28th August 1790; in which it appeared, that he was then indebted to the commonwealth, in the sum of $637 and 65 cts. In the examination of the account, he discovered, that the sum of 146l. 15s. 10d. had been twice charged to him by the former accounting officers, and requested it might be rectified.    To this the present accounting officers objected, on account of the length of time: but the appellant alledging, that he had no notice of the settlement, and it not appearing from any official evidence, that he had received any notice, the account was opened; the error of the double charge was corrected, and credit given for the commissions before stated: but as it did not appear, that the said John Nicholson then Comptroller General had paid over to the treasurer of the state, the said sums by him received, credit for them was refused.

From this decision, the said St. Clair has appealed; and the questions submitted to the court, are

1st. Whether the said payments made to John Nicholson then Comptroller General, ought under the circumstances of the case, to be passed to the credit of the appellant?

2dly. As from the recent revision and settlement of the said appellant's accounts, it appears, that had they been duly stated in August 1790, he was not then in debt; nor on the 26th February 1789, when he paid to the then said Comptroller General *280l. 16s.; and should it be the opinion of the court that the said sum should be repaid by the commonwealth, whether interest should be allowed thereon to the appellant from the 28th August 1790, or from any other and what time?

Mr. M'Kean, attorney general for the commonwealth.

· It is admitted, that general St. Clair was appointed one of the city auctioneers on the 21st February 1784, and ceased to act as such on the 12th April 1787. The question is, whether a payment made by him to the then Comptroller General is good against the commonwealth?

To form a correct idea hereon, all the laws upon the subject must be taken together in one view.

By the 3d section of the act of 23d September 1780, (1 St. Laws, 865), the duties of the auctioneers are defined; and they are to settle and pay 1 per cent. of the gross amount of their sales, to the state treasurer.

By the 3d section of the act of 13th April 1782, (2 St. Laws, 56,) an additional duty of 1 per cent. is laid on the gross amount of their sales, for the use of the commonwealth; and they are to account and pay over the same to the state treasurer, as directed by the former act.

By the 4th section of the act of 9th December 1783, (2 St. Laws, 170,) they are enjoined to render their accounts, every three months or oftener, to the Comptroller General, but to pay the monies to the treasurer, under the penalty of losing their offices for neglect, and their bonds being put in suit.

The act of 19th March 1789, (2 St. Laws, 680,) impowering the appointment of an auctioneer for Moyamensing, enjoins on such auctioneer, all terms and payments required by the several acts to which this is a supplement.

And another act of 27th March 1790, 2 St. Laws, 777, impowering the president or vice president in council to appoint two additional auctioneers, in the last section, directs the duties on the sale of goods to be paid into the treasury.

It required a special act of assembly in the case of Edmund Milne, to legalize a payment made by him to John Nicholson, while he was Comptroller General. 5 St. Laws, 6. But it is well known that the legislature refused a law of the same kind in the case of James Ash, esq.

The department of accounts is confined to the receiving and

settling of accounts. The treasurer of the state is alone im-powered to receive the public monies, unless an authority is given by a special law for that purpose.

Mr. Rawle for the appellant admitted, that while he was in *office, the payments ought to have been made to the state [*209 treasurer ; but that the sum in question was paid on the 26th February 1789, when his office ceased. In a republican government there ought to be no distinction of persons. If a payment by Milne was justifiable and valid, so also should it be of Ash and the appellant. The latter was called on as a de-faulter under the act of 13th April 1782, § 5. 2 St. Laws, 46. The writ directed him to appear in the comptroller's office, and there exhibit and settle his accounts, and pay* the money be-longing to the state, of which he was possessed, &c. It is simi-lar to the case of an individual having two agents, wherein the payment to either, would discharge the debtor.

The court declared the appellant's case to be a very hard one, which it was out of their power to redress. They were bound by the express words of the different laws to say, that the pay-ment should have been made to the state treasurer, and not to the comptroller general.

Judgment for the commonwealth.