## ROBINETT v. POLLARD.

### May 21, 1837.

*Rule to show cause of action, and why defendant should not be discharged on common bail.*

A. was sued by summons by B. prior to the act of 13th June, 1836, and after that act took effect, issued a special *capias ad respondendum*, which was quashed as irregular. B. discontinued his suit by summons, and on affidavits on the merits, issued another *capias ad respondendum*, and arrested A. *Held :*

1. That the court would not discharge the defendant on common bail.

2. The defendant may be twice held to bail for the same cause of action in extraordinary circumstances, this being an exception to the general rule.

3. It is within the discretion of the court to judge of these circumstances.

THE plaintiff had brought a suit on this cause of action, by summons, against the defendant to December term, 1835. In October, 1836, on filing an affidavit, the plaintiff issued a special *capias ad respondendum* against the defendant, and held him to bail. The court, on motion, quashed the writ on the ground that the act of the 13th of June, 1836, allowing a special *capias* to issue after a summons, did not extend to actions instituted before that act went into operation, i. e. on September 1, 1836.[a]

The plaintiff then discontinued his suit by summons to December term, 1835, paid the costs, and brought this suit by *capias* to June term, 1837, and held the defendant to bail. The defendant obtained this rule to show cause of action, and why the defendant should not be discharged on common bail. On the hearing of the rule, the plaintiff, by affidavit showed his cause of action, and the question was, whether the defendant was entitled to be discharged on common bail.

[a] See Robinett *v.* Pollard, antè p. 31.

[Robinett v. Pollard.]

*F. W. Hubbell*, for the rule, argued, that the defendant could not be arrested twice for the same cause of action, and cited Mechanics' Bank *v.* Fisher, *Rawle* 341 ; 5 *Maule & Sel.* 193 ; 5 *Barn. & Ald.* 905.

*Cadwalader*, contra, cited 4 *Yeates* 206 ; 14 *Johns.* 347.

Per Curiam.—The general rule undoubtedly is that the defendant shall not be held twice to bail for the same cause of action, unless under very special circumstances. 4 *Yeates* 206. The cases exhibit this rule, as, where the plaintiff is non-prossed for want of declaring, or regularly discontinues his suit on payment of costs, he may hold the defendant to bail *de novo.* 2 *T. R.* 756. So, if the plaintiff be nonsuited in an action of debt on bond, for not sufficiently proving the execution of it, on *non est factum*, the defendant may be held to bail again, in an action upon the same bond. 14 *Johns.* 347. And if the defendant were discharged from the first arrest for some act for which the plaintiff is not answerable, as, an irregularity on the part of the officer, he may be held to bail on a second writ. 6 *T. R.* 218.

These cases show that the allowing of a second *capias* and arrest, is within the discretion of the court, where *special* circumstances, for the purposes of justice, require them.

And in Pennsylvania, it has been held that where a former suit had been brought against the defendant, for the same cause of action in which no bail had been required, special bail is demandable. Now, in this case a summons had been served, and the plaintiff illegally issued a special *capias*, afterwards quashed, and for which the defendant had his redress. At the time, however, of its issuing, it was a moot question as to whether the act of 13th June, 1836, extended to a case in point of date like this. We think that the special circumstances within the spirit of the decided cases exist here, and that on the affidavits on the merits presented by the plaintiff, it is our duty to exercise a discretion in refusing the application to discharge the defendant on common bail.

Rule discharged.