### BRECKON v. OTTAWA CIRCUIT JUDGE.

1. PLEADING—DEFENSES — PENDENCY OF PRIOR SUIT—PLEA IN ABATEMENT.

   Plaintiff, having caused the arrest of defendant on a *capias ad respondendum*, ordered his discharge on account of a supposed defect in the proceedings, and sued out a new writ. The prior suit was not formally discontinued before the second arrest. *Held*, that defendant, if he desired to interpose the defense of the *pendency* of the former suit, should have pleaded the same in abatement.

2. CAPIAS—SECOND ARREST.

   An arrest in a civil action, and a subsequent discharge at the instance of the party procuring the same, does not render one exempt from a second arrest for the same cause of action, where the circumstances show a want of malice and of attempt to oppress.

*Mandamus* by Charles L. Breckon to compel Philip Padgham, circuit judge of Ottawa county, to enter an

order quashing a writ of *capias ad respondendum.*
Submitted April 28, 1896.   Writ denied, June 30, 1896.

*McBride & Danhof* and *Walter I. Lillie,* for relator.

*Gerrit J. Diekema* and *John V. B. Goodrich,* for respondent.

MONTGOMERY, J.   Relator was arrested on a *capias ad
respondendum,* and, after giving common bail, moved to
be discharged from arrest on the ground that he had been
previously arrested at the suit of the same plaintiff for the
same cause of action.   After the first arrest, plaintiff dis-
covered what he took to be a defect in the proceedings,
and ordered the relator discharged.   The present writ
was thereupon sued out.   The former suit was not for-
mally discontinued before the second arrest.   The circuit
judge returns that he found that the second writ was not
sued out to harass or annoy the defendant, and upon this
finding refused to discharge the relator.   The circuit
judge held, also, that the defense, so far as it constituted
an attempt to set up a former suit pending, should have
been made by a plea in abatement.

The cases which hold that a second arrest cannot be
made on *capias ad satisfaciendum* are not in point, as
in these cases the defendant is taken in satisfaction
(*Damon* v. *Carrol,* 163 Mass. 404), and the defendant is
in custody of his bail, as is also the case when another
action is pending, and the plaintiff has done nothing to
discharge the defendant from custody.   But in this case
the defendant was, by the action of the plaintiff, by
his own instructions, discharged from custody, and was
neither under bonds nor under a former arrest when
arrested in the present action.   Does the fact that he had
been once arrested and discharged prevent a new arrest
in a new action?   For, as far as the application is based
upon the *pendency* of another suit, the circuit judge
was clearly right in holding that such defense should
be pleaded in abatement, giving the plaintiff opportunity

to reply. *Gruler* v. *McRoberts*, 48 Mich. 317; *Fenton* v. *Miller*, 94 Mich. 215. But, if the defendant was privileged from arrest for any reason, we think an application for discharge from arrest might be made by *habeas corpus*, and we can see no good reason why the question may not be raised on motion.

We think that the question is, therefore, whether, after an arrest and discharge of a defendant in a civil action, he is for all time exempt from arrest for the same cause of action, when it appears that the second attempted arrest is not made maliciously, or with a view to harass the defendant. On principle it would seem that this question should be answered in the negative. The first arrest on mesne process is clearly not a satisfaction of the claim, and, when the defendant has been discharged in the first action, a second arrest is not an interference with the rights of his bondsmen or their custody of the principal. If a second arrest is not permitted, it must be because the plaintiff cannot be permitted to harass the defendant a second time. If this view be adopted, the instance of such limitation stands by itself in civil and criminal proceedings, except in cases where, in criminal proceedings, the respondent has been put in actual jeopardy.

The cases cited do not sustain the contention of the relator. In *Clark* v. *Weldo*, 4 Yeates, 206, the defendant had been previously arrested in New Castle county, Del., and had *given special bail*. He was also, in contemplation of law, in the custody of his bondsmen at the time of his second arrest. The court said:

"One should not be twice held to bail for the same cause of action, unless under very special circumstances. No grounds are here shown which can justify the court in varying the general rule."

If the case be construed as deciding only what was before the court, what was held was that the defendant could not, while in custody of his bail, be held to bail in a second action by the same plaintiff for the same cause

of action. And even on this point the decision is in con-flict with other cases in so far as it treats the arrest in another jurisdiction as an impediment to a second arrest.

The case of *Green* v. *Foskett*, 11 Rich. Law, 332, has no application, so far as we are able to perceive. In *Lambert* v. *Moore*, 6 N. J. Law, 131, the demand had merged into a judgment in the first action. *Post* v. *Sarmiento*, 2 Wash. C. C. 198, does not touch the question.

In *Parasset* v. *Gautier*, 2 Dall. 330, the question was ruled in accordance with the ruling of the circuit judge in this case. In that case an arrest had been made in the State court, and the defendant had, on application, been discharged on common bail, and been relieved from giving special bail. The suit in the State court was thereupon dismissed, and a suit brought in the Federal court. Application was made to relieve the defendant from giving special bail, which application was based upon the fact of the previous arrest, the action of the State court, and the dismissal of the suit. The defendant was required to enter special bail notwithstanding this showing.

We are not cited to, nor have we found, any reported case in which it has been held that bail may not be required in a second action when the defendant is not in custody under a former arrest, and where the circumstances show no attempt to oppress the defendant.

The writ will be denied.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.