CONSTANTINE GRULER v. EUGENE McROBERTS.

*Proceedings to recover land—Complaint—Summons—Dismissal pending issue on replication.*

A complaint in a summary proceeding for the recovery of the possession of land was sworn to on one day but the summons not issued until the next. *Held,* that the proceedings should not have been dismissed on this ground.

A court cannot dismiss a case on motion, on the ground of a former suit pending for the same cause, when a plea of such suit pending has been replied to and the issue thereon remains undisposed of.

Error to Clinton. Submitted Apr. 20. Decided Apr. 25.

PROCEEDINGS under Comp. L. ch. 211 to recover possession of lands. Complainant brings error. Reversed.

*Cook & Daboll* for appellant.

*A. A. Ellis* for appellee. In proceedings to recover land the affidavit for a summons must be made on the day the summons is issued: *Drew v. Dequindre* 2 Doug. (Mich.) 93; *Fessenden v. Hill* 6 Mich. 242; *Wilson v. Arnold* 5 Mich. 98; *Bush v. Dunham* 4 Mich. 339; *Bryan v. Smith* 10 Mich. 229; *McHugh v. Butler* 39 Mich. 185.

COOLEY, J. This is a summary proceeding for the recovery of the possession of lands. It was begun before a circuit court commissioner by a complaint, sworn to March 6, 1880, upon which a summons issued the next day. The defendant pleaded in abatement the pendency of a former proceeding, begun October 1, 1879, before a justice of the peace, tried October 15, 1879, resulting in a judgment for complainant, which was appealed to the circuit court, where it is now pending and undetermined. The complainant took issue upon this plea, and the commissioner returns that he overruled it and gave judgment for complainant. The defendant then took an appeal to the circuit court, and in

that court moved to dismiss the proceeding, which was done. The complainant has thereupon brought the case to this court.

The dismissal is claimed to be correct—*First*, because the complaint in this case was so defective as not to confer jurisdiction; and *second*, because of the pendency of the former proceeding.

The supposed defect in this complaint is that it fails to show a cause of action at the time the proceeding was instituted; it being sworn to one day before the writ issued. This is supposed not to be in compliance with the statute, which requires a complaint in writing showing that the person complained of " is in possession," etc.   Comp. L. § 6707. There are some cases where it has been held that a statute requiring a certain state of facts to be shown at the time suit was instituted was not complied with by a showing that the facts existed on a prior day; *Wilson v. Arnold* 5 Mich. 98; but in this case the statute merely prescribes what the complaint shall set forth; and it is not suggested that the complaint itself is defective.   The argument is that, though sufficient to support a warrant on May 6th, it was not sufficient on May 7th.   We do not agree in this.   Had there been any considerable delay the complaint might be deemed abandoned, and so have become *functus officio*, but there is no valid reason for so holding where the delay is for a day only.

We also think the circuit court should not have dismissed the case because of the supposed pendency of another proceeding for the same cause.   The issue upon the plea in abatement was not tried, and it could not be known until trial that if such a former suit was still pending the causes of action were the same.   It was legally possible that a new cause of action had originated since the institution of the former proceeding.

The order of dismissal must be reversed with costs, and the record remanded.

CAMPBELL and MARSTON, JJ. concurred.