ATTORNEY GENERAL v. WILLIAM P. PRESTON.

*Village representation on board of supervisors—Legislative power.*

1. The Mackinac charter (Act 303 of 1875, § 12) is not unconstitutional in making the President of the village ex officio a member of the county board of supervisors.

2. The legislative power of the people through their agent, the Legislature, is limited only by the Constitution, which is not a grant of power, but a limitation on its exercise.

3. A statute is not unconstitutional unless in plain violation of some provision in the Constitution; and its constitutionality will be supported by all possible presumptions not clearly inconsistent with the language and subject-matter.

<table>
<tr><td>56</td><td>177</td></tr>
<tr><td>73</td><td>520</td></tr>
<tr><td>56</td><td>177</td></tr>
<tr><td>77</td><td>203</td></tr>
<tr><td>56</td><td>177</td></tr>
<tr><td>91</td><td>96</td></tr>
<tr><td>56</td><td>177</td></tr>
<tr><td>105</td><td>612</td></tr>
<tr><td>56</td><td>177</td></tr>
<tr><td>106</td><td>657</td></tr>
<tr><td>56</td><td>177</td></tr>
<tr><td>s22NW</td><td>261</td></tr>
<tr><td>129</td><td>³658</td></tr>
<tr><td>56</td><td>177</td></tr>
<tr><td>j148</td><td>132</td></tr>
<tr><td>56</td><td>177</td></tr>
<tr><td>j151</td><td>²376</td></tr>
</table>

Quo warranto. Submitted Jan. 22. Decided Jan. 28.

*Charles R. Brown* for the informant. The Legislature cannot add to the powers of an officer whose duties are defined by the Constitution: *Thomas v. Owens* 4 Md. 189; Cooley's Const. Lim. 64.

*Mark Norris* and *Norris & Uhl* for respondent. A law is not unconstitutional, unless in plain violation of some provision contained in the Constitution: *Scott v. Smart's Ex'rs.* 1 Mich. 307; *People v. Gallagher* 4 Mich. 244; *Sears v. Cottrell* 5 Mich. 252, 55; *Tyler v. People* 8 Mich. 320, 34; *People v. Blodgett* 13 Mich. 127; *People v. Mahaney* id. 481; *Kennedy v. Gies* 25 Mich. 83; in cases of doubt every possible presumption, not clearly inconsistent with the language and subject-matter, is to be made in favor of the constitutionality of the act: *Sears v. Cottrell* 5 Mich. 259: if possible, the act and the Constitution will be construed so that they will be in harmony: *Tabor v. Cook* 15 Mich. 323.

SHERWOOD, J. The following is the substance of the averments contained in the information filed in this case:

That "the village of Mackinac was reincorporated by an act of the Legislature of said State, duly approved April 1st, 1875. That section 12 of said act provides that 'the president of said village, ex officio, shall be a member of the

board of supervisors of the county of Mackinac, and he shall attend all the meetings of said board, and be entitled to vote upon all matters that may be brought before the board of supervisors, and for attending all such meetings he shall receive the same compensation authorized by law to be paid to township supervisors for similar services, to be audited by the board and paid by the county.' That at an election for village officers of said village, held on the 4th day of March, A. D. 1884, William P. Preston, of said village of Mackinac, was duly elected to the office of president of said village, and was duly qualified, and entered upon the discharge of the duties of said office. That claiming to act by virtue of said office, and by virtue of the provisions of said section 12 of said act, and without any other authority or right whatever, he has usurped, intruded into, and assumed to act and does act as a member of the board of supervisors of said county, attending the meetings of said board, and voting upon matters brought before said board for its official action. That on the 14th day of May, A. D. 1884, at a meeting of said board of supervisors, held at the courthouse in the city of St. Ignace, the said William P. Preston, claiming the right to sit and act as a member of said board by virtue of his office as president of said village of Mackinac, moved that a ballot for chairman of said board of supervisors be taken. That thereupon said Preston received a majority of all the votes cast for said office, and was thereupon declared elected chairman of said board, and immediately assumed the duties thereof, and has, from that time to the present, continued to unlawfully hold, use, and exercise, and doth still hold, use, and exercise, the office of chairman of said board of supervisors, and to act as a member of said board at the county of Mackinac aforesaid, without any other authority than hereinbefore set forth, and in contempt of the people of the State of Michigan, and to their great damage and prejudice. Whereupon the said Attorney General prays the advice of the court here in the premises, and for due process of law against the said William P. Preston, in this behalf, to be made to answer to the said people by what

warrant he claims to hold, use, exercise and enjoy the said office of member and chairman of the board of supervisors of the said county of Mackinac."

To this information the respondent appeared, and interposed a general demurrer, and the people joined in demurrer; and upon the issue thus made the cause was submitted upon the hearing.

There is but one question presented for our consideration upon this record, viz.: Is section 12 of Act No. 303 of the Local Laws of 1875 unconstitutional?—it being the section above quoted. The people are the source of unlimited power. The Constitution is not a grant of power, but a limitation upon its exercise by the agents of the people who compose the legislative branch of the government. The Legislature would have the power to establish a board of supervisors in each county of the state, with such representation therein from the several townships, villages and cities constituting the county as it might deem proper, had there been nothing contained in the Constitution upon the subject. And the question is now presented, in what respect and to what extent, has the Constitution limited this power of the Legislature? In the examination of this question it is to be borne in mind that before a law can be held invalid, it must be a plain violation of some provision contained in the Constitution. *Scott v. Smart's Ex'rs.* 1 Mich. 307; *People v. Gallagher* 4 Mich. 244; *People v. Blodgett* 13 Mich. 127; *People v. Mahaney* id. 481; *Whallon v. Ingham Circuit Judge* 51 Mich. 503. "In cases of doubt every possible presumption not clearly inconsistent with the language and subject-matter is to be made in favor of the constitutionality of the act" in question. *Sears v. Cottrell* 5 Mich. 259; *Tabor v. Cook* 15 Mich. 323; *Ogden v. Saunders* 12 Wheat. 270; Cooley's Const. Lim. and cases cited at page 182.

The provisions of our State Constitution relating to the subject under discussion are as follows: Article xi, § 1, provides that "There shall be elected annually, on the first Monday of April, in each organized township, one supervisor,

* * * whose powers and duties shall be prescribed by law." Article x, § 6, reads : "A board of supervisors, consisting of one from each organized township, shall be established in each county, with such powers as shall be prescribed by law." And section 7 provides that " Cities shall have such representation in the board of supervisors of the counties in which they are situated, as the Legislature may direct." The statute in question is not antagonistic to section 1 of article xi, because the respondent is not by the act complained of made supervisor, but only an ex officio member of the board of supervisors. The two positions are altogether different. The duties of a member of the board constitute but a small portion of those appertaining to the office of supervisor ; neither was the respondent elected in an " organized township," and is in no sense a township officer. He does not represent a township, but a municipality, which may be located (as is occasionally the case) in four different townships, and whose particular interests are not represented by any other officer or person in the local legislation of the board.

It is, however, under the next two sections that the counsel for relator claims the conflict. There is nothing contained in the provisions of either of these sections which *prohibits* the act in question. Section 6 undoubtedly prohibits the Legislature from authorizing more than one supervisor from each organized township. There is, however, nothing contained in the language used prohibiting the Legislature from granting other municipalities not organized into townships, representation on the board of supervisors. Section 7 neither grants power to, nor limits the authority of, the Legislature to give representation on the board to a city, but simply imposes the duty upon the Legislature to give it *some representation* therein. *Sears v. Cottrell* 5 Mich. 253. The effect of the two sections, as we construe them, is to limit the power to give organized townships more than one representative on the board, and imposes the duty of giving cities some representation therein, but leaving the number of representatives, and the manner of their selection, to the determination of the Legislature.

There being no express clause in the Constitution prohibiting the legislative act complained of, is there any prohibition against it by any fair implication? We think there is not. Whether we examine the provisions of the Constitution and the statute we have been considering in the light of the circumstances under which the one was adopted and the other enacted, or the objects to be accomplished, by either we shall find no such implication arising therefrom. From the adoption of the Constitution to the present time, several of the villages of our State have been as large or larger than some of our cities, with property rights as great and business interests as extensive and as various in the one as in the other; and all the reasons which can be urged for representation on the board of supervisors in the one case are equally cogent in the other. It also appears that nearly twenty years since, an act was passed giving the representation to the village which it now has in the board of supervisors of Mackinac county, which must be regarded as a legislative construction of these provisions of the Constitution of no little significance, when it is considered that the people have all this time quietly acquiesced therein, and not until this late day has any attempt been made to change that construction.

The necessity for the enactment of the statute becomes most apparent in the case of this village, when we take into consideration its geographical position with reference to other portions of the county in which it is located. It is situated on two islands about five miles from the other portions of the territory of the county, and for several months in the year access to the main-land becomes exceedingly difficult. Its business interests, to a great extent, are such as have but little connection with those of the other portions of the county; and its property depends largely for its value on considerations which do not affect the remainder of the county. It seems to be entirely proper that its interests should be specially represented on the board which apportions the taxes to be paid, on its property holders, and whose action continually, more or less, involves its local interests. In consequence of its peculiar situation and location, this island was made

the subject of legislative action as early as 1817. 2 Terr. L. 792. It is sufficient to say, in conclusion, that we find no conflict between the statute and the Constitution, arising from any language used therein, or from any necessary implication; And the relator's proceedings must be dismissed with costs.

. The other Justices concurred.