### BARSKY *v.* KATZ.

1. COVENANTS — DEEDS — BREACH OF COVENANT AGAINST INCUM-BRANCES — WHERE NO DAMAGES SHOWN SUMMARY JUDGMENT PROPERLY DENIED.

In an action for the breach of a covenant against incumbrances contained in a deed, plaintiff's motion for summary judgment under 3 Comp. Laws 1915, § 12581, for the amount of the incumbrance was properly denied, where he made no claim that he had paid said incumbrance or

¹Covenants, 15 C. J. §§ 175, 245; Judgments, 34 C. J. § 432.

any part of it, and no actual damages were shown by the declaration or affidavit filed in support of the motion.

2. DISMISSAL AND NONSUIT — PLEADING—BREACH OF COVENANT— RIGHT TO RECOVER UNDER COMMON COUNTS.

Where, in an action for the breach of a covenant against incumbrances in a deed, the declaration also counted on the common counts, the trial court was in error in summarily dismissing the cause because of plaintiff's failure to establish his right to recover under the count for the breach of the covenant, since he was still entitled to establish any claim which he might have under the common counts.

Error to Genesee; Brennan (Fred W.), J.    Submitted October 5, 1927.    (Docket No. 33.)    Decided December 1, 1927.

Assumpsit by Harry Barsky against Irving Katz and another for breach of covenant in a deed.    From an order denying a motion for summary judgment and dismissing the case, plaintiff brings error.    Reversed and remanded.

*Shapero & Shapero,* for appellant.

NORTH, J.    This case is brought to this court by writ of error.    It has been submitted without oral argument.    The appellees have failed to file a brief. Plaintiff's declaration contains two counts: the first for breach of a covenant against incumbrances contained in a deed given by defendants to plaintiff; the second is on the common counts. The defendants filed a plea of the general issue with notice of special defenses, and also filed a cross-declaration, though it appears from appellant's brief that the cross-declaration probably should have been filed in another case pending between the same parties.    After issue was joined plaintiff's counsel made a motion for summary

²Dismissal and Nonsuit, 18 C. J. § 104.

judgment for $5,057.08 (3 Comp. Laws 1915, § 12581). The defendants filed two affidavits of merit in opposition.    The motion was heard before the court and thereupon the following order was entered:

"It is hereby ordered that said motion for summary judgment be denied and this cause be dismissed with (probably should be without)· cost to either party and no further proceedings be had thereunder in Genesee county, Michigan."

It is from this order that the appeal has been taken, and it is the claim of the plaintiff that the trial court was in error in denying his motion for a summary judgment, and also that there was error in dismissing plaintiff's suit.

The specific claim made by plaintiff in the first count of his declaration is that the deed given by the defendants covenanted that there was no incumbrance against the property conveyed "except two mortgages to the People's State Bank totaling $1,800;" whereas there was in fact another mortgage in the sum of $5,000 which was and still is an incumbrance against said property.    As disclosed by the record, the difficulty with which plaintiff is confronted incident to his motion for summary judgment, even if we disregard defendants' claim set forth in the cross-declaration, is that the plaintiff makes no claim that he had paid any portion of this $5,000 incumbrance.    As yet, no actual damage has been suffered by the plaintiff so far as appears from either his declaration or the affidavit in support of his motion, which affidavit refers only to the first count of the declaration.    The injustice of requiring the defendants to pay the plaintiff this amount of money as damages is self-evident, since defendants would still be liable to the original mortgagee and might be called upon forthwith to pay the obligation a second time.    The sufficiency or insufficiency of the affidavits of merit is of no consequence.

The trial judge was correct in denying plaintiff's motion for summary judgment.    In the absence of an allegation and proof of actual damages the plaintiff could recover only nominal damages.    *Simons* v. *Diamond Match Co:,* 159 Mich. 241.

The reason which prompted the circuit judge to dismiss plaintiff's suit does not appear in the record; and obviously the ˙ question of dismissing the plaintiff's case was not before the court for consideration at the time of the hearing and order above mentioned.    Even if we assume, because of ˙ the reason hereinbefore suggested, that the plaintiff might have serious difficulty in establishing his right to recover under the count of his declaration for a breach of covenant against incumbrances, still, incident to the dismissal of his suit, we have left for consideration any claim which he might be able to establish under the common counts contained in his declaration.    Aside from this, there seems to be no authority for a trial court summarily dismissing a plaintiff's cause of action unless lack of jurisdiction appears from plaintiff's pleadings or otherwise in the record of the case.    *Gruler* v. *McRoberts,* 48 Mich. 316; *Martin Lumber Co.* v. *Menominee Circuit Judge,* 116 Mich.˙ 354; *Hatch* v. *Wayne Circuit Judge,* 138 Mich. 184.

The trial court was in error in that portion of his order wherein he specified "that this cause be dismissed without cost to either party and no further proceedings be had thereunder in Genesee county, Michigan;" and therefore the case is reversed and remanded to the circuit court for further proceedings. Plaintiff will have costs in this court.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.