PEOPLES WAYNE COUNTY BANK v. WOLVERINE BOX CO.

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS—SUFFI-
   CIENCY.
   On motion for summary judgment in action on note, defendants'
   affidavit of merits, stating conclusions without giving facts
   with particularity demanded by Circuit Court Rule No. 34,
   was properly held insufficient.

2. SAME—PURPOSE OF SUMMARY JUDGMENT LAW..
   Summary judgment law (3 Comp. Laws 1915, § 12581) together
   with Circuit Court Rule No. 34, provides a speedy method of
   determining whether there are any issues of fact in causes
   arising upon contract, judgment, or statute.

3. JURY—TRIAL—SUBSTANTIVE RIGHT.
   Right to have jury determine the facts after an instruction by
   the judge is not a substantive right where facts are not ques-
   tioned.

4. CONSTITUTIONAL LAW—RIGHT TO JURY TRIAL—SUMMARY JUDGMENT.

Summary judgment law does not deprive defendant of constitutional right to trial by jury (Const., Art. 2, § 13), since, if there are no issues of fact to be determined, one is not entitled in civil case to trial by jury.

5. SAME—SUMMARY JUDGMENT—DUE PROCESS.

Claim that summary judgment law violates due process clause of Constitution because it applies only to actions based on contracts, judgments, and statutes, is without merit.

6. SAME—DISCRIMINATION—CLASS LEGISLATION.

That rule of law may in certain instances work a hardship does not violate the due process clause of the Constitution, provided it operates without any discrimination and in like manner against all persons of a class.

7. SAME—WHEN DUE PROCESS REQUIREMENT MET.

The constitutional requirement of due process is met if defendant is given an opportunity to be heard.

8. BILLS AND NOTES—EXECUTION AND DELIVERY.

Execution and delivery of note *ipso facto* exposes one to liability.

9. JUDGMENT—SUMMARY JUDGMENT LAW—DEFECTS.

Failure of summary judgment law to provide that the plaintiff be required to make affidavit with same degree of particularity that is exacted from defendant in affidavit of merits, and that defendant have right to subpœna plaintiff and adverse parties, *held*, not to render act defective.

10. CONSTITUTIONAL LAW—SUMMARY JUDGMENT LAW—DEFENSES.

That external circumstances may prevent a defendant from availing himself of the opportunity to defend does not render the summary judgment law unconstitutional.

11. SAME—RULES OF EVIDENCE—PROCEDURE—HARDSHIP.

That rules of evidence and procedure may work a hardship under certain circumstances does not render them unconstitutional, if they further justice in the general course of their operation.

Error to Wayne; Miller (Guy A.), J. Submitted October 25, 1929. (Docket No. 129, Calendar No. 34,597.) Decided April 7, 1930.

Assumpsit by Peoples Wayne County Bank, a Michigan banking corporation, against Wolverine Box Company, a Michigan corporation, and another on a promissory note. Plaintiff was granted a summary judgment. Defendant Wolverine Box Company brings error. Affirmed.

*Lightner, Oxtoby, Hanley & Crawford,* for plaintiff.

*Atkinson, O'Brien & Clark,* for defendant Wolverine Box Company.

BUTZEL, J. Plaintiff, a Michigan banking corporation, has brought suit on a note for $3,638.87 and interest, dated September 20, 1928, against defendant Wolverine Box Company, as maker, and defendant J. A. Matheson, as payee and indorser. The note was indorsed by payee to plaintiff. After issue was joined, plaintiff moved in proper form for summary judgment. Its affidavit showed it was a *bona fide* purchaser for value and contained a complete statement of the transaction. Defendant Wolverine Box Company filed an affidavit of merits, sworn to by its attorney, in which it alleges that the note was given to Matheson, not for the purpose of paying an indebtedness, but pending an accounting; that plaintiff knew both that Matheson lacked authority to discount the note, and that he owed the Box Company a sum in excess of the amount of the note; that the bank held collateral for Matheson's indebtedness to the bank, and that there was a credit balance due Matheson on the books of the bank. The affidavit of merits was insufficient. It stated conclusions without giving facts with the particularity demanded by Circuit Court Rule No. 34. Defendant Matheson interposed no defense. The trial

court held the affidavit of merits was insufficient, and rendered a judgment against both defendants for the full amount of the note with interest.

The record failed to disclose the reason why the credit balance and the collateral were not applied. to the note, but on the oral argument before this court it was admitted that the credit balance and collateral were applicable to other indebtedness due plaintiff from Matheson. It was also conceded that, unless the summary judgment law of this State is unconstitutional, the judgment of the lower court was correct; that an adjustment was being consummated by the parties; and that the main purpose of the action was to test the constitutionality of the summary judgment law of Michigan (section 12581, 3 Comp. Laws 1915), together with Circuit Court Rule No. 34.

A speedy method of obtaining a judgment on a note or liquidated claim, where no valid defense is interposed, has been employed in this State for almost 100 years. The Session Laws of 1844 (Act No. 13, § 2), and the court rules from time to time since then, have provided for a method by which a judgment on inquest could be taken on a note or account supported by proper affidavit, unless an affidavit of merits was filed within a certain prescribed time. The first complete summary judgment law appears in the judicature act (Act No. 314) of 1915 (section 12581, supra). Circuit Court Rule No. 34, relating to summary judgment, was amended in 1926 so as to require that the affidavit of merits be made with particularity by defendant, his agent, or attorney, having personal knowledge of the facts, and that it be shown affirmatively by it that the affiant, if sworn, can testify competently as to such facts; or, if such facts are not within his knowledge,

then that there be supporting affidavits drawn with the same particularity by persons who can so testify.

It is contended by defendant Wolverine Box Company that the summary judgment law, together with Circuit Court Rule No. 34, are unconstitutional in that they deprive the defendant of the right of trial by jury, in contravention of section 13 of article 2 of the Constitution of the State of Michigan, and that they offend the due process and equal protection clauses of both the Federal and State Constitutions. It is further pointed out that the statute, and particularly Rule No. 34, do not provide that the affidavit of plaintiff be made with the same degree of particularity as is demanded of the defendant in its affidavit of merits; that it further works to the disadvantage, and sometimes to the deprivation of the legal rights, of defendant in that frequently he can not testify as is necessary under the rule in regard to facts that are wholly within the knowledge of plaintiff, or of an adverse witness; that upon the hearing of a motion submitted solely on affidavits there is no manner provided by which plaintiff or an adverse witness may be subpœnaed and compelled to testify to facts that might be a complete defense to the action; that there is no method of cross-examining plaintiff or adverse witnesses from whom necessary testimony to establish the defense might be elicited.

The summary judgment law provides a speedy method of determining whether there are any issues of fact in causes arising upon contract, judgment, or statute. If there are such issues of fact, the motion for summary judgment is denied, and the issues are left for a jury to determine; if there are no questions of fact, the judge applies the law in ac-

cordance with the admitted facts as disclosed by the affidavits. The only deprivation that defendant suffers, in most instances, is that of the delay usually ensuing until the case is brought on for trial by a jury. He can not complain on this account. The situation corresponds to that of a judge directing a jury to render a verdict on admitted facts in plaintiff's favor. The defendant claims that even the right to have a jury determine the facts after an instruction by the judge is a substantive right. We do not agree to this proposition. Nor do we believe that defendant's constitutional rights are abridged because the court does not go through the form of having a jury impaneled and sworn, then having evidence taken before it, and then directing a verdict according to the rules as applied by the judge to such admitted facts. The summary judgment rule is not an innovation. It was adopted in this country in South Carolina as early as 1768. It was used extensively in New York, New Jersey, Connecticut, Pennsylvania, Indiana, Virginia, West Virginia, Delaware, District of Columbia, Kentucky, Arkansas, Missouri, and other States. We have had frequent occasion to pass upon the 1915 law, and have uniformly upheld it. *LaPrise* v. *Wayne Circuit Judge*, 234 Mich. 371; *Slebodnick* v. *LaBuda*, 238 Mich. 550; *Warren Webster & Co.* v. *Pelavin*, 241 Mich. 19; *Barsky* v. *Katz*, 241 Mich. 63; *Smith* v. *Appelbaum*, 241 Mich. 493; *Tomlinson* v. *Imperial Hotel Corp.*, 245 Mich. 52; *Straus* v. *Elless Co.*, 245 Mich. 558.

A question never before decided in this State is raised in the contention that defendant is deprived of his right to trial by jury, as vouchsafed under section 13 of article 2 of the Constitution of this State. This same question has been raised in other

jurisdictions. We believe there is no merit to the contention. In *Hanna* v. *Mitchell,* 202 N. Y. App. Div. 504 (196 N. Y. Supp. 43), affirmed in 235 N. Y. 534 (139 N. E. 724), the summary judgment rule of New York State was attacked in a similar manner. The court stated as follows:

"As we have already stated, the requirement that an *issue of fact* in the actions enumerated in section 425, must be tried by a jury does not deprive the court of the power to *ascertain whether there is in truth an issue of fact to be tried. To say that a false denial, which defendants are unable to justify, must nevertheless put the plaintiff to his common-law proof before a jury, although the result would be a directed verdict in plaintiff's favor as a matter of law, is to exalt the shadow above the substance.*

*"That this rule has worked a substantial reform in practice and greatly relieved an overburdened trial calendar has been demonstrated by experience."*

To like effect are *Dwan* v. *Massarene,* 199 N. Y. App. Div. 872 (192 N. Y. Supp. 577); *General Investment Co.* v. *Interborough Rapid Transit Co.,* 235 N. Y. 133 (139 N. E. 216). In *Fidelity & Deposit Co.* v. *United States,* 187 U. S. 315 (23 Sup. Ct. 120), Mr. Justice McKenna, in delivering the opinion of the court, said:

"2. There is but one element in this contention— the right of a jury trial. In passing upon it we do not think it necessary to follow the details of counsel's elaborate argument. In *Smoot* v. *Rittenhouse, supra* (27 Wash. Law R. 741), the validity of the rule was sustained as well as the power of the court to make it. If it were true that the rule deprived the plaintiff in error of the *right* of trial by jury, we should pronounce it void without reference to cases. But it does not do so. It prescribes the

means of making an issue. The issue made as prescribed, the right of trial by jury accrues. The purpose of the rule is to preserve the court from frivolous defenses and to defeat attempts to use formal pleading as means to delay the recovery of just demands.

"Certainly a salutary purpose and hardly less essential to justice than the ultimate means of trial. And the case at bar illustrates this. It certainly does not seem unreasonable to charge one who has become responsible for the performance of an act by another with knowledge of that act or with means of ascertaining it, so as to state a defense within the liberal interpretation of the rule declared by the court of appeals.

"As early as 1879 the supreme court of the District recited the history of the rule and explained its purpose. 'It was a rule,' the court said, 'to prevent vexatious details in the maturing of a judgment where there is no defense. * * * Now, what does the rule mean, this being its office? It is couched in very plain language. It says the defendant shall set out his *grounds* of defense and swear to them. It does not mean a defense in all its details of incident and fact, but the foundation of defense. That is all. Those grounds ought not to be vague and indefinite. They should have significance and meaning, and should express the idea of defense upon the ground to which they are addressed. It was never contemplated that this rule required a party to follow his case through all the lights and shadows of the evidence in it. That would be to hold it essential that he should try his case in his plea.' *Bank* v. *Hitz,* MacArthur & Mackey, 198.

"This interpretation was affirmed in *Cropley* v. *Vogeler,* 2 App. D. C. 28; see, also *(Foertsch* v. *Germuiller),* 2 App. D. C. 340; *Gleason* v. *Hoeke,* 5 App. D. C. 1; *(St. Clair* v. *Conlon),* 12 App. D. C. 161; *Bailey* v. *District of Columbia,* 4 App. D. C. 356.

"And the facts stated in the affidavit of defense will be accepted as true. *Strauss* v. *Hensey,* 7 App. D. C. 289 (36 L. R. A. 92).

"It would seem a logical result of the argument of plaintiff in error that there was a constitutional right to old forms of procedure, and yet it seems to be conceded that congress has power to change them, even to the enactment of rule 73. The concession of that power destroys the argument based on the Constitution, and whether congress exercised the power directly or delegated it to the supreme court of the District of Columbia can make no difference. And that such power had been delegated to the supreme court of the District was virtually decided in *Smoot* v. *Rittenhouse, supra.*"

If there are not issues of fact to be determined, one is not entitled in a civil case to trial by jury. *In re Peterson,* 253 U. S. 300 (40 Sup. Ct. 543). The summary judgment law does not deprive a defendant of a right to trial by jury if the affidavits present no question of fact.

It is next claimed that a judgment is rendered against defendant without due process of law. It is argued that the summary judgment law applies only to actions based upon contracts, judgments, and statutes, where the damages are liquidated, and that it does not apply to the action of trespass and other forms of actions. It will be found in trespass and other forms of actions that there is a question of fact for the jury to determine. It may be a question whether liability exists or not, or what the unliquidated damages amount to. We do not believe there is any merit in this contention.

It is further claimed that the summary judgment law and Circuit Court Rule No. 34 work a hardship or a disadvantage to defendants in certain cases. The fact that a rule of law may in certain instances

work a hardship does not violate the due process of law clause of the Constitution, provided it operates without any discrimination and in like manner against all persons of a class. In *Iowa Central R. Co.* v. *State of Iowa,* 160 U. S. 389 (16 Sup. Ct. 344), it was said:

"But it is clear that the Fourteenth Amendment in no way undertakes to control the power of a State to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for these purposes gives reasonable notice and affords fair opportunity to be heard before the issues are decided. This being the case, it was obviously not a right, privilege or immunity of a citizen of the United States to have a controversy in the State court prosecuted or determined by one form of action instead of by another. It is also equally evident, provided the form sanctioned by the State law gives notice and affords an opportunity to be heard, that the mere question of whether it was by a motion or ordinary action in no way rendered the proceedings not due process of law within the constitutional meaning of those words."

All litigants to actions based on contracts, judgments, and statutes have the same rights under this law. In *Lundstrom* v. *Township of Ellsworth,* 196 Mich. 502, Mr. Justice Steere stated:

"Class legislation is unconstitutional only when shown to be unreasonable, arbitrary, and capricious. If reasonable and for a beneficial public purpose, it is constitutional. * * *

"But, however that may be, unless upon its face convincingly arbitrary, capricious, and unreasonable, it is not for the courts to debate the policy and wisdom of such legislative treatment. It was early said by this court, and has been reiterated, that:

" 'In cases of doubt, every possible presumption not clearly inconsistent with the language and subject-matter, is to be made in favor of the constitutionality of the act.' *Sears* v. *Cottrell*, 5 Mich. 259; *Tabor* v. *Cook*, 15 Mich. 323; *Attorney General* v. *Preston*, 56 Mich. 179."

And in *Maki* v. *Mohawk Mining Co.*, 176 Mich. 497, it was stated:

"It is apparent from what we have quoted from the act that its purpose was to do away with a technical rule of evidence, and to facilitate getting at the facts of a given case, so that it might be tried upon its merits. We do not see where this does an injustice to anyone. No one has a vested right in a rule of evidence. See 8 Cyc., p. 924; *In re Patterson's Estate,* 155 Cal. 626 (102 Pac. 941, 26 L. R. A. [N. S.] 654, 132 Am. St. Rep. 116, 18 Ann. Cas. 625). The legislation creates no class, and no preferences."

In *Chappell Chemical & Fertilizer Co.* v. *Sulphur Mines Co.*, 172 U. S. 474 (19 Sup. Ct. 268), Mr. Justice McKenna stated:

"Claims under the Constitution of the United States were set up in several of the motions and denied by the court. One claim was that the Constitution of Maryland abridged the right of trial by jury in the courts of Baltimore city without making a similar provision for the counties of the State, and that this denies to litigants of the city the equal protection of the laws. This is not tenable. *Missouri* v. *Lewis*, 101 U. S. 22; *Hays* v. *Missouri*, 120 U. S. 68 (7 Sup. Ct. 350)."

The constitutional requirement is met if the defendant is given an opportunity to be heard. Mr. Justice White, in *Louisville & Nashville R. Co.* v. *Schmidt*, 177 U. S. 230 (20 Sup. Ct. 620), said:

"It is no longer open to contention that the due process clause of the Fourteenth Amendment to the Constitution of the United States does not control mere forms of procedure in State courts or regulate practice therein. All its requirements are complied with, provided, in the proceedings which are claimed not to have been due process of law, the person condemned has had sufficient notice and adequate opportunity has been afforded him to defend. *Iowa Central Ry. Co.* v. *Iowa,* 160 U. S. 389 (16 Sup. Ct. 344); *Wilson* v. *North Carolina,* 169 U. S. 586 (18 Sup. Ct. 435)."

Defendant also claims that the law itself should provide that the plaintiff be required to make his affidavit with the same degree of particularity that is exacted from defendant in the affidavit of merits, and that defendant should have the right to subpœna plaintiff and adverse parties, in the event that he requires their testimony in order to prove that he has a meritorious defense. In the present instance, defendant claims it executed its note only to be held by its codefendant pending the adjustment of accounts. The execution and delivery of a note *ipso facto* exposes one to a liability. It is difficult to comprehend how one can give a note, with the liability attending it under the law, and then complain when a not unusual disposition is made of it. The facts do not show that defendant was injured by the alleged defects in the law and rule complained of.

The fact that external circumstances may prevent a defendant from availing himself of the opportunity to defend is unfortunate, but does not render the statute unconstitutional. In innumerable cases in the normal course of litigation, absence of, or inability to secure, witnesses may render the presentation of a complete defense impossible. Rules of

evidence and procedure may work a hardship under certain circumstances, but the fact alone does not render them unconstitutional if they further justice in the general course of their operation. Of such character may be the universal statute prohibiting testimony as to transactions equally within the knowledge of the deceased. 3 Comp. Laws 1915, § 12553. In *Sears* v. *Cottrell, supra,* it was well said:

"If it be said, the law is unnecessarily severe, and may sometimes do injustice, without fault in the sufferer under it, our reply is: these are considerations that may very properly be addressed to the legislature, but not to the judiciary—they go to the expediency of the law, and not to its constitutionality."

However, the profession is indebted to counsel on both sides for an extremely careful and impartial study of the law and the rule. Their suggestions for the improvement of Circuit Court Rule No. 34 should receive very careful consideration.

The judgment of the lower court is affirmed, with costs.

WIEST, C. J., and CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.