## SULLIVAN *v.* GRAHAM.

1. STATUTES—GENERAL ACTS—LOCAL ACTS—CLASSIFICATION BASED ON POPULATION.

Statute providing for its application to counties having a stated population and for its adoption in counties of a lesser population by 3/5 vote of the board of supervisors is not a local or special act in contravention to constitutional restriction as to enactment of such acts (Const 1908, art 5, § 30; CL 1948, §§ 338.703, 338.704, 338.720).

2. CONSTITUTIONAL LAW—DISCRIMINATION—RESIDENTIAL BUILDING CONTRACTORS.

Statute providing for the licensing of residential builders and maintenance and alteration contractors but specifically exempting from licensing provisions work or operations by or for trustees, banks, trust companies, building and loan associations, or savings and loan associations, unjustly discriminates in favor of such named groups, hence, it violates the equal protection clause of the Federal Constitution and due process clauses of the Federal and State Constitutions (US Const, am 14; Mich Const 1908, art 2, § 16; CL 1948, § 338.704).

3. COSTS—PUBLIC QUESTION—CONSTITUTIONAL LAW.

No costs are allowed in action to recover balance due by unlicensed residential building contractor, where constitutionality of licensing act is considered, a question of public importance being involved (US Const, am 14; Mich Const 1908, art 2, § 16; CL 1948, §§ 338.703, 338.704, 338.720).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 6, 1953. (Docket No. 18, Calendar No. 45,366.) Decided March 10, 1953. Rehearing denied June 8, 1953.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 12 Am Jur, Constitutional Law §§ 539–542; 33 Am Jur, Licenses §§ 30–37; 50 Am Jur, Statutes § 7 *et seq.*

[1, 2] Validity, construction, and application of regulations of business of building or construction contractors. 118 ALR 676.

Regulations as to plumbers and plumbing as violating constitutional prohibitions of local or special legislation. 22 ALR2d 826.

[3] 14 Am Jur, Costs § 91.

Assumpsit by Frank A. Sullivan against Walker R. A. Graham for labor and materials furnished. Case dismissed on motion. Plaintiff appeals. Reversed and remanded.

*William S. McDowell,* for plaintiff.

*Raymond W. La Bar,* for plaintiff on application for rehearing.

*McCabe, Middleton & Kennedy,* for defendant.

*Amicus Curiae* on application for rehearing:

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General.

Reid, J. Plaintiff, a residential builder living in Michigan, brought this action at law to recover the balance due him from defendant for labor and materials furnished defendant under a contract for the alteration of defendant's dwelling house in Grosse Pointe, in Wayne county. The court granted defendant's motion to dismiss because the declaration did not allege that plaintiff had a residential builder's license, which allegation is required by section 19 of the act hereinafter referred to. Plaintiff appeals.

Involved in this appeal is the validity of PA 1939, No 311, as amended by PA 1945, No 315. Not brought into critical discussion are amendments of the act in question by PA 1951, No 49, which act of 1951 went into effect after plaintiff's cause of action arose and the instant suit had been begun.

Sections 3, 4 (in part) and 20 of the act in question (CL 1948, §§ 338.703, 338.704, 338.720 [Stat Ann 1949 Cum Supp §§ 18.85 (3), 18.85 (4) and 18.85 (20)]) are as follows:

"Sec. 3. On and after the first day of May, 1945, which shall be the effective date of this act, it shall be unlawful for any person to engage in the business of or to act in the capacity of a residential builder

and/or a residential maintenance and alteration contractor in any county within this State now having or which hereafter may attain a total population of over 250,000 inhabitants without having a license therefor, as herein provided, unless such person is particularly exempted as provided in this act.

"Sec. 4. This act shall not apply to   *   *   *

"(c) Trustees of an express trust or officers of a court providing they are acting within the terms of their trust or office respectively;   *   *   *

"(g) This act shall not apply to any work or operation performed by or for any bank, trust company, building and loan association, or savings and loan association on any property to which they hold title or have an equitable title or in which they have a financial interest.   *   *   *

"Sec. 20. On the effective date of this act it shall be the duty of the secretary of State to certify to the commission the counties which have a population in excess of 250,000 inhabitants on such date. Whenever any county shall hereafter attain a population in excess of 250,000 inhabitants, it shall be the duty of the secretary of State to certify that fact, at the request of any inhabitant of such county, and after the lapse of 90 days from the date of any such certification, the provisions of this act shall become applicable within any such county: Provided, That in counties with a population of less than 250,000 the provisions of this act shall become effective when the board of supervisors of the county shall by a 3/5 vote elect to come within the provisions of this act."

Plaintiff claims the act unconstitutional and void because by its own terms it restricts its application to counties of 250,000 inhabitants, being applicable (in 1945) only to Wayne and 3 other counties.

Cited in the briefs are *Attorney General, ex rel. Dingeman,* v. *Lacy,* 180 Mich 329, and *Mulloy* v. *Wayne County Board of Supervisors,* 246 Mich 632.

Section 20 makes inapplicable to the instant case much of the reasoning we adopted in the *Mulloy Case* (especially the words hereinbelow italicized). We quote from pages 639, 640 of the *Mulloy Case* as follows:

"The wording of the title and of section 1 alone might not be sufficient to necessitate a holding that the act could not be made applicable to any county other than Wayne, and is, therefore, a local act; but we are of the opinion that the act as a whole is so framed that *it cannot be made applicable to other counties as they acquire a population of 300,000 or more;* and that by its very terms it is made clear it was not intended the act should be put in force in such other counties. No provision is made in the act for so doing. No other conclusion can be reached than that it is local legislation applicable to Wayne county only. The act contains no provision for a referendum, and it has not been submitted to a vote in Wayne county. It violates section 30, article 5, of the Constitution, and must be held invalid." (Italics supplied.)

*Attorney General, ex rel. Dingeman,* v. *Lacy, supra,* was a case involving the validity of PA 1913, No 186, creating a domestic relations court in counties of upwards of 250,000 population, in which case we held (page 338) that the domestic relations court was a new or "other" court within the meaning of article 7, § 1 of the State Constitution, and that to be valid it must be established by "general law." We further found (page 341) that the classification by population in that case was "a manifest subterfuge." Our reasons in that case for finding the domestic relations court act invalid do not apply, for the most part, to the act in question in the instant case.

Moreover, we have to a material degree departed from the reasoning in the *Mulloy Case* and the *At-*

*torney General, ex rel. Dingeman,* v. *Lacy Case,* in respect to restrictions in statutes of applicability to counties of a designated total of population. We are more inclined to uphold the act where there is a reasonable relationship between the restriction and the population. See *Hayes* v. *Auditor General,* 184 Mich 39; *Kates* v. *Reading,* 254 Mich 158; *Chamski* v. *Wayne County Board of Auditors,* 288 Mich 238; and *Tribbett* v. *Village of Marcellus,* 294 Mich 607.

We find the act in question in this case to be not a local or special act. In view of the provisions of section 20 of the act, above quoted, we consider that the act in question does not contravene article 5, § 30 of our State Constitution, which is in part as follows:

"The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question."

Under the act, a residential builder is required to pay $25 for a license good for 3 years; a residential maintenance and alteration contractor, $15 license fee good for 3 years. There are requirements in the act as to residence, examination, et cetera, of licensees.

Plaintiff claims that the act in question, in the instant case, discriminates against certain natural persons and in favor of trustees, banks, trust companies and certain other financial associations holding title to or equitable liens upon lands.

The principle concerning unjust discrimination contended for by plaintiff has been considered in other States.

"That part of the act of April 21, 1896, entitled 'An act to promote the public health and regulate the sanitary construction of house drainage and plumbing,' which requires any plumber, whether

master or employing plumber or journeyman, before engaging in the business, to undergo an examination as to fitness, and obtain a license, but permits all members of a firm to pursue the business where one only has procured such license, and all members of a corporation to pursue it where the manager only has procured such license, does not operate equally upon all of a class pursuing the calling under like circumstances, and is invalid." *State* v. *Gardner* (Syllabus by the court.), 58 Ohio St 599 (51 NE 136, 41 LRA 689, 65 Am St Rep 785).

The supreme court of Georgia, in reference to an ordinance of the city of Atlanta, in regard to licensing persons who engage in or work at the business of plumbing,

: "*Held*, (a) that this ordinance, in case of a firm or corporation, where one member of the firm or the manager of the corporation has been licensed, permits others than the member or manager so licensed, by virtue of such license, to engage in or do the work of plumbing in the city of Atlanta without standing an examination as to fitness and obtaining a license, but does not permit a like privilege to persons other than those referred to in the 2 instances above stated.

"(b) The ordinance referred to is discriminatory in character, and is therefore unconstitutional." *Henry* v. *Campbell*, 133 Ga 882 (67 SE 390, 27 LRA NS 283, 18 Ann Cas 178).

The supreme court of Mississippi held invalid an ordinance of the city of Vicksburg, concerning which, among other things, the court says (*City of Vicksburg* v. *Mullane*, 106 Miss 199, 217 [63 So 412, 50 LRA NS 421]):

"This ordinance imposes special restrictions and burdens on some and grants special privileges to others engaged in the same work in Vicksburg. All the plumbers in that city are not required to stand

the examination and incur the expenses of a license fee. This burden is not placed on those working for a corporation where an officer qualifies or on a firm where one member procures license. It is imposed upon those like Mr. Mullane, laboring alone, doing his work by his own hands."

The court further says, page 218:

"This ordinance does not operate equally upon Mr. Mullane and all other plumbers in that city. It is discriminatory as to him."

"Chapter 356, p 575, Laws 1901, which requires journeymen plumbers to take an examination and procure a certificate of competency, *held* unconstitutional, being in contravention to sections 33 and 34, article 4, of the Constitution. An arbitrary basis of classification is adopted in restricting the application of the act to cities of 10,000 inhabitants, or more, which have a system of sewer or waterworks, and an arbitrary and unjustifiable distinction is made between master plumbers and journeymen plumbers." *State, ex rel. Chapel,* v. *Justus* (Syllabus by the court.), 90 Minn 474 (97 NW 124).

"The equal protection of the law is denied by Laws 1897, c. 338, requiring licenses for plumbers on examination, but providing, 'in the case of a firm or corporation, the examination or licensing of any one member of the firm or the manager of the corporation shall satisfy the requirements of this act.' " *State, ex rel. Winkler,* v. *Benzenberg,* 101 Wis 172 (76 NW 345, syllabus).

It was held in effect in *State* v. *Hinman,* 65 NH 103 (18 A 194, 23 Am St Rep 22), that a license fee cannot in view of the constitutional objection be imposed upon certain persons where others of the same class and profession are exempt under similar circumstances and conditions.

"The fact that a rule of law may in certain instances work a hardship does not violate the due process of law clause of the Constitution, provided it operates *without any discrimination and in like manner against all persons of a class.*" *Peoples Wayne County Bank* v. *Wolverine Box Co.*, 250 Mich 273, 281, 282 (69 ALR 1024). (Italics supplied.)

The act in question in the instant case, clearly and unjustly discriminates in favor of trustees, banks, trust companies, building and loan associations and savings and loan associations, as against all other persons in the same class doing residential building operations. The corporations mentioned in section 4 (g) are entirely exempted from obtaining a license before they build on any property to which they hold title or have an equitable title or in which they have a financial interest, a very important discrimination in favor of such corporations.

The statute in question in the instant case violates the due process and equal protection clauses of the Federal Constitution and the due process clause of our State Constitution (article 2, § 16).

The order dismissing the cause of action is reversed. The cause is remanded to the trial court for further proceedings. No costs, a question of public importance being involved.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.