# STATE OF MICHIGAN

# COURT OF APPEALS

SHORELINE EAST CONDOMINIUM
ASSOCIATION,

UNPUBLISHED
February 9, 2017

Plaintiff-Counter-Defendant-
Appellee,

v

No.   329403
Wayne Circuit Court

GREGORY EDWARD GRAY and CHERYL
GRAY,

LC No.   14-002147-CH

Defendants-Counter-Plaintiffs-
Appellants.

Before:  SERVITTO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendants were the owners of a condominium unit in Shoreline East Condominiums, of which plaintiff is the condominium association.  Plaintiff commenced this action because defendants failed to pay their condominium assessments, resulting in a compounded arrearage in excess of $30,579.85.  Defendants tacitly concede that they did not make the payments, but rather contend that they are not obligated to make those payments due to mismanagement by plaintiff.  Defendants' purported counterclaim is substantively just an argument to the same effect.  The trial court granted plaintiffs a judgment of judicial foreclosure, a money award, and the dismissal of the counter-complaint.  Defendants appeal, and we affirm.

We recognize that defendants are appearing before us *in propria persona*, and we choose to exercise our discretion to give their matters consideration despite the inadequacies of their briefing.  See *Mack v City of Detroit*, 467 Mich 186, 206-209; 649 NW2d 47 (2002).  The defendants' brief consists of a series of citations to authority and conclusory statements that indicate they should prevail without any explanation or argument as to why the authority is relevant to the facts of this case.  We choose to exercise our discretion in this appeal even though otherwise the issues would be considered abandoned.  See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). *Woods v SLB Property Mgt, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228 (2008); *Joerger v Gordon Food Service, Inc*, 224 Mich App 167, 175; 568 NW2d 365 (1997).

-1-

Ostensibly, defendants argue that the trial court violated their constitutional rights to a trial by jury and to due process of law by granting summary disposition in favor of plaintiff on the complaint and the counter-complaint. This is completely contrary to long-standing and well-settled law. "A speedy method of obtaining a judgment . . . , where no valid defense is interposed, has been employed in this state for almost a hundred years." *People's Wayne County Bank v Wolverine Box Co*, 250 Mich 273, 276; 230 NW 170 (1930). Defendants' argument, to the extent they make one, is a tired and well-worn one; it has been conclusively and exhaustively established that a summary judgment law under which a jury—in other words, *the trier of fact*—is only assigned to try disputed facts if any facts are actually in dispute deprives litigants of no rights whatsoever. *Id*. at 276-284. The Seventh Amendment "preserves the right to a jury trial" only if the claims "cannot be settled or determined as a matter of law." *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 133; 573 NW2d 61 (1997) (internal quotation omitted). It has been equally established that summary disposition of a case lacking in a dispute of relevant facts does not deprive litigants of their due process rights under the Fourteenth Amendment. *People's Wayne County Bank*, 250 Mich at 276-284.

Here, the *relevant* facts are completely undisputed: defendants challenged only whether they were obligated to pay the assessment fees, not the fact that they *did not* pay them. Defendants' argument was premised on plaintiff's alleged failure to provide proper maintenance of their condominium unit, but plaintiff likewise did not seriously dispute the maintenance problems defendants' unit suffered. Rather, plaintiff correctly that "[a] co-owner may not assert in an answer, or set off to a complaint brought by the association for non-payment of assessments the fact that the association of co-owners or its agents have not provided the services or management to a co-owner(s)." MCL 559.239. Defendants' argument necessarily fails as a matter of law, and no *relevant* facts are in dispute.[1] Furthermore, plaintiff's suit for judicial foreclosure is equitable in nature, and cases in equity have no general right to a trial by jury. *Superior Prod Co v Merucci Bros Inc*, 107 Mich App 153, 161; 309 NW2d 188 (1981). The trial court therefore properly granted dismissal of defendants' counter-complaint without a trial.

To the extent defendants may be asserting that they were denied an opportunity to be heard, the record is replete with indications that defendants knowingly and intentionally made themselves difficult or impossible to be contacted, even by their own attorney, and can hardly assign error to their own conduct. See *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003). In any event, it is clear that the trial court and counsel made every effort to ensure that defendants were aware of all developments in the case; defendants clearly had the *opportunity* to be heard and present their case, so they were afforded ample procedural due process. A person claiming a deprivation of substantive due process must show that the action was so arbitrary as to

---

[1] To the extent defendants contend that plaintiffs mismanaged their records or communications with defendants, we note that the record clearly shows a pattern of defendants providing seriously misleadingly incomplete documentary evidence. For example, their claimed "accord and satisfaction" was obviously nothing of the sort. When the evidence thereof is viewed as a whole, defendants clearly have their own opinions as to how to characterize it, but the facts *themselves* reveal no material dispute.

shock the conscience. *Mettler Walloon LLC v Melrose Twp*, 281 Mich App 184, 200-201; 761 NW2d 293 (2008). A thorough review of the record, which we have conducted despite defendants' complete lack of any entitlement for us to do so, demonstrates nothing arbitrary about the trial court's final order.

Finally, defendants attempt to argue they were denied equal protection under the Fourteenth Amendment. "The equality of rights protected by our state constitution is the same as that protected and preserved by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." *Struble v Detroit Auto Inter-Insurance Exch*, 86 Mich App 245, 252; 272 NW2d 617 (1978). "Equal protection of the law requires that all persons subject to particular legislation be treated alike under like circumstances and conditions." *Id*. Meritless claims are routinely disposed of in a summary manner. Otherwise, defendants failed to present any facts or arguments that they were treated differently than someone similar situated, or indeed what "similarly situated" even means to them in this context, so this argument is also abandoned. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

Defendants were not deprived of any rights, and summary disposition in favor of plaintiff was unambiguously correct. We therefore affirm. Plaintiff, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Amy Ronayne Krause