COOK COFFEE CO. *v.* VILLAGE OF FLUSHING.

1. Constitutional Law—Equal Protection Clauses.

   The Fourteenth Amendment of the Federal Constitution and article 2, § 1 of the State Constitution give the same right of equal protection of the laws.

2. Same—Permissible Classifications.

   Constitutional provisions relating to equal protection of the laws permit classification in ordinances based on natural distinguishing characteristics which bear a reasonable relation to the object of the legislation.

3. Same—Class Legislation.

   Classification need not be made to operate with mathematical nicety.

4. Same—Burden of Showing Arbitrariness.

   Burden of showing that classification in an ordinance is essentially arbitrary rests upon party assailing it.

5. Same—Void Classifications.

   Classifications in ordinances discriminating in favor of residents as against nonresidents; based on location of place of business; or discriminating against businesses located outside of municipal corporation in favor of those located within for a given length of time are void.

6. Municipal Corporations—Licenses—Constitutional Law.

   Village ordinance respecting licensing of retail or wholesale merchandise establishments and permitting licenses to issue only for such as have been engaged in business within the village for three months or longer *held*, unconstitutional and void as contravening Fourteenth Amendment of the Federal Constitution and article 2, § 1 of the State Constitution.

Appeal from Genesee; Black (Edward D.), J. Submitted April 26, 1934. (Docket No. 77. Calendar No. 37,496.) Decided June 4, 1934.

Bill by Cook Coffee Company, a corporation, against Village of Flushing and W. E. Beebe for an injunction to restrain enforcement of an ordinance, and for other relief. Bill dismissed. Plaintiff appeals. Reversed.

*Friedman, Meyers & Keys* (*Sylvan Rapaport,* of counsel), for plaintiff.

*Cook, Sheppard & Stipes,* for defendants.

EDWARD M. SHARPE, J. The common council of the village of Flushing in 1933 adopted an ordinance entitled ''An ordinance to regulate hawking, peddling and street vending and to prohibit the sale of goods, wares, merchandise, fruits, and vegetables, within the limits of the village of Flushing without a license.'' This ordinance was to become effective May 2, 1933. Section 1 of the ordinance is as follows:

''No person, firm or corporation shall engage in the business of hawking, peddling or vending at retail any goods, wares, merchandise, baked goods, fruits or vegetables from door to door, or from or upon the streets, alleys and public places within the limits of the village of Flushing, or take orders by sample or otherwise, for delivery then or in the future, without first obtaining a license so to do from the village clerk. Said village clerk is hereby directed to have license blanks for that purpose.''

Section 2 provides that ''(c) those representing retail or wholesale establishments which have been engaged in business in the village of Flushing three months or longer'' shall be exempt from payment of fees for licenses under the ordinance.

Plaintiff is a Michigan corporation, organized in 1921, having its main offices in Detroit and ware-

houses in Detroit, Flint, Battle Creek and Bay City. It also does business in and has affiliated corporations in other States. Plaintiff deals in tea, coffee, sundry groceries and spices. It does business in over 100 villages and communities in Michigan, sending out its salesmen in trucks. The salesman calls upon his customers once every two weeks. At the time he makes deliveries, he takes orders for the next delivery. The salesman does not go from door to door soliciting orders nor does he call out his wares upon the street. He does, however, call on any new customers who are recommended by old customers. The plaintiff, through its agent, has been taking orders and making deliveries in this manner in the village of Flushing for more than five years.

After paying $10 in daily fees over a period of several months, plaintiff refused to continue the payment of fees as prescribed in the ordinance and insisted on by the village officials and filed a suit to enjoin the enforcement of the ordinance. Plaintiff alleges that the ordinance is unconstitutional because it discriminates between local and non-local tradesmen and thus violates the Fourteenth Amendment of the Federal Constitution and article 2, § 1 of the Constitution of Michigan of 1908, guaranteeing to all persons the equal protection of the laws. Plaintiff also contends that the license fee is not regulatory in nature but amounts to a tax, and that the ordinance is unconstitutional because it gives the village council power to revoke any license at will.

The trial court in construing the ordinance held that the exemption applies only to retail or wholesale establishments which have had a regular place of business in Flushing for three months or longer and held that plaintiff was not exempt from the license

fee, and that the ordinance was constitutional. Plaintiff appeals.

The Fourteenth Amendment of the United States Constitution and article 2, § 1 of the Michigan Constitution of 1908 give the same right of equal protection of the laws. *Naudzius* v. *Lahr,* 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179).

These constitutional provisions do not mean that there can be no classification in the application of statutes and ordinances, but only that the classification must be based on natural distinguishing characteristics and must bear a reasonable relation to the object of the legislation.

The standards of classification given in *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 78 (31 Sup. Ct. 337, Ann. Cas. 1912 C, 160), were quoted by this court in *Naudzius* v. *Lahr, supra,* at pp. 222, 223:

"1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

It has been repeatedly held that a provision in an ordinance discriminating in favor of residents as

against nonresidents is in violation of constitutional prohibition and invalid. *Brooks* v. *Mangan,* 86 Mich. 576 (24 Am. St. Rep. 137); *City of Saginaw* v. *Saginaw Circuit Judge,* 106 Mich. 32; *Goldstein* v. *City of Hamtramck,* 227 Mich. 263; *In re Irish,* 122 Kan. 33 (250 Pac. 1056, 61 A. L. R. 332). So, also, a classification in an ordinance based on location of place of business is void. *American Bakeries Co.* v. *City of Griffin,* 174 Ga. 115 (162 S. E. 513); *Hair* v. *City of Humboldt,* 133 Kan. 67 (299 Pac. 268); *Fecheimer Bros. & Co.* v. *City of Louisville,* 84 Ky. 306 (2 S. W. 65); *Grantham* v. *City of Chickasha,* 156 Okla. 56 (9 Pac. [2d] 747); *Ideal Tea Co.* v. *Salem,* 77 Ore. 182 (150 Pac. 852, Ann. Cas. 1917 D, 684). Ordinances discriminating against businesses located outside of cities in favor of businesses located within cities for a given length of time are void. *In re Robinson,* 68 Cal. App. 744 (230 Pac. 175); *Dusenbury* v. *Chesney,* 97 Fla. 468 (121 South. 567).

The avowed purpose of the instant ordinance was to discourage fly-by-night peddlers and to prevent fraud on the public. What reasonable relation does the location of a vendor's place of business have to his responsibility? The effect of the exemption to "establishments engaged in business in the village of Flushing three months or longer" is to grant benefits to those concerns having a place of business in the village while denying the same privileges to those which have no place of business therein. That is the only meaning that can be given to the ordinance, since the test of "engaging in business in Flushing" applied by the village officials and the only test capable of application with any reasonable certainty is the location of a place of business in the village. This is the very classification which has been condemned. It is an unreasonable discrimina-

tion and the ordinance is therefore void as in violation of the Fourteenth Amendment of the United States Constitution and article 2, § 1, of the Michigan Constitution. The injunction as prayed for by plaintiff should be granted.

In view of this decision, the other grounds of invalidity alleged by plaintiff need not be discussed.

Decree reversed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. BUSHNELL, J., did not sit.