COLONIAL BAKING COMPANY v. VILLAGE OF SPARTA.

1. HAWKERS AND PEDDLERS—ORDINANCES—BAKERY PRODUCTS—ROUTE SALESMEN.

Corporation which made bakery products and distributed them every other day by route salesmen who called on established customers and endeavored to sell goods carried on and delivered from the truck, who added new customers by referral from established customers or by periodic and orderly solicitation by the salesmen or in conjunction with immediate supervisor but which salesmen never engaged in random selling nor harassing or haranguing anyone, *held*, not subject to provisions of defendant's ordinance regulating and licensing peddlers and relevant enabling act (CL 1948, § 67.1; Village of Sparta Ordinance Regulating Peddlers).

2. SAME—SERVICE DELIVERY OF PERISHABLE GOODS.

Custom has developed a marked distinction between the business of peddling and that which may be described as the modern service delivery of necessary but perishable goods.

3. SAME—DELIVERY TO REGULAR CUSTOMERS.

One who delivers goods to regular customers is not a peddler, although he makes occasional sales to those who indicate that, if the goods are satisfactory, they will purchase regularly.

4. COSTS—PUBLIC QUESTION—BAKERY PRODUCTS—ROUTE SALESMEN.

No costs are allowed in suit for declaratory decree holding that plaintiff's business of production and distribution of baked goods through route salesmen who call upon established customers on alternate days but never engage in random selling

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 40 Am Jur, Peddlers, Transient Dealers and Solicitors §§ § 3, 11.
Who may be classed as "itinerant vendor," "transient merchant," or the like, within license regulation. 94 ALR 1076.
[4] 16 Am Jur, Declaratory Judgment § 75.

nor in harassing or haranguing anyone was not subject to defendant's ordinance regulating and licensing peddlers, a public question being involved (CL 1948, § 67.1; Village of Sparta Ordinance Regulating Peddlers).

Appeal from Kent; Searl (Fred N.), J. Submitted January 4, 1962. (Docket No. 25, Calendar No. 48,-620.) Decided May 17, 1962.

Bill by Colonial Baking Company, an Illinois corporation, against Village of Sparta, a municipal corporation, for declaratory decree holding void as to it ordinance regulating peddlers and requiring license. Decree for plaintiff. Defendant appeals. Affirmed.

*Warner, Norcross & Judd (Thomas R. Winquist,* of counsel), for plaintiff.

*Philip L. Hogan,* for defendant.

DETHMERS, J. Defendant village appeals from declaratory decree holding that plaintiff's conducting of business in that village is not peddling within the meaning of its ordinance for regulating and licensing peddlers and the relevant section of the enabling act, CL 1948, § 67.1 (Stat Ann 1961 Rev § 5.1285).

The facts concerning plaintiff's business operations are set forth in a stipulation of facts, summarized in the trial judge's opinion as follows:

"Plaintiff is an Illinois corporation doing business in the State with its main office located in Grand Rapids where it has operated for 31 years. It has several branch offices in the State. It is engaged in baking and distribution of bakery products, such as bread, cakes, donuts, pastries and the like. All of these commodities are prepared and baked in the Grand Rapids plant 'under strictly sanitary condi-

tions and under the regulation of the health and sanitation authorities of the city of Grand Rapids.'

"The goods are distributed to approximately 50,-000 customers located through western and central Michigan through approximately 180 'route salesmen'. These salesmen use delivery or panel trucks, are permanent full-time employees and paid a weekly salary plus commission. 'Each salesman has 2 routes which are served alternately so that each route is covered every other day. The route consists of established customers on whom the salesmen call and endeavor to sell goods which are carried in and delivered from his truck. New customers are added to the route both by referral from one of the established customers or by periodic and orderly solicitation by the salesman himself or in conjunction with his immediate supervisor. However, at no time do the salesmen engage in random selling nor do they harass or harangue anyone in the purchase of their goods.' "

The word "peddler" is defined in the ordinance as:

"Any person, whether a resident of the village of Sparta or not, traveling by foot, wagon, automotive vehicle, or any other type of conveyance, from place to place, from house to house, or from street to street, carrying, conveying or transporting goods, wares, merchandise, meats, fish, vegetables, fruits, garden truck, farm products or provisions, offering and exposing the same for sale, or making sales and delivering articles to purchasers, or who, without traveling from place to place, shall sell or offer the same for sale from a wagon, automotive vehicle, railroad car, or other vehicle or conveyance, and further provided that one who solicits orders and as a separate transaction makes deliveries to purchasers as a part of a scheme or design to evade the provisions of this ordinance shall be deemed a peddler subject to the provisions of this ordinance. The word 'peddler' shall include the words 'hawker' and 'huckster'."

The trial judge posed the question, "Is the plaintiff a 'peddler' subject to the provisions of this ordinance?" and stated that "authorities may be found to support both an affirmative and a negative answer to this question", citing *Phillips* v. *City of Bend,* 192 Or 143 (234 P2d 572), "for a rather complete reference to the decisions." He concluded, rightly we think, from the opinion and decision in *Jewel Tea Company, Inc.,* v. *Board of Pharmacy,* 335 Mich 673, that this Court has aligned itself with those States which support the following:

"Custom has developed a marked distinction between the business of peddling and that which may be described as the modern service delivery of necessary but perishable goods. One delivering goods to regular customers is not a peddler, although he makes occasional sales to those who indicate that, if the goods are satisfactory, they will purchase regularly." 39 CJS, Hawkers and Peddlers, § 1, p 786.

Cited for that position are *National Baking Company* v. *Zabel,* 227 Wis 93 (277 NW 691); *State v. Amick,* 171 Md 536 (189 A 817); and *City of Mt. Sterling* v. *Donaldson Baking Company,* 287 Ky 781 (155 SW2d 237). In these it was held that the bakery companies involved, doing business in much the same manner as plaintiff here, were not engaged in peddling but in a special business service. These cases and others were considered in this Court's opinion in the *Jewel Tea Company Case.* In that case we held that the plaintiffs involved were not hawking or peddling. In the opinion the businesses of the 2 plaintiffs were described as follows (pp 677, 678):

"Jewel manufactures, packs, buys, and sells household commodities, the principal items being coffees, teas, spices, extracts, baking supplies, cosmetics, soaps, et cetera. It is licensed to sell goods at re-

tail, and has maintained an office, warehouse, and place of business in the city of Detroit for more than 30 years. Its route salesmen are permanent employees, many of whom have been connected with the company for a number of years. They are paid a. regular weekly salary and commission. Its 126 salesmen in the State of Michigan use automobiles in connection with their business. They travel on regularly-established routes at 2-week intervals, for the purpose of delivering previously ordered goods to regular customers, and to take orders for future deliveries. Other employees find the new customers generally from recommendations received from old customers. No merchandise is sold to any person who is not a regular customer. * * *

. "Cook, formerly a Michigan corporation, has been doing business in this State for over 30 years and owns real estate in Detroit, Flint, and Grand Rapids which it uses and occupies in connection with its business. It has upwards of 75,000 regular customers and employs over 100 route salesmen, of which plaintiff Paul Truesdell is one. Its salesmen, over 1/3 of whom have been with the company for more than. 10 years, are likewise full-time bonded employees. who are paid weekly salaries and commissions. The nature of Cook's business in 100 or more communities of Michigan was fully described in *Cook Coffee Co.* v. *Village of Flushing,* 267 Mich 131. That case involved the construction of an ordinance which required hawkers, vendors, and peddlers to be licensed."

The mentioned description of Cook's business in 267 Mich 131, 132, 133 is as follows:

"Plaintiff is a Michigan corporation, organized in 1921, having its main offices in Detroit and warehouses in Detroit, Flint, Battle Creek, and Bay City. It also does business in and has affiliated corporations in other States. Plaintiff deals in tea, coffee, sundry groceries, and spices. It does business in over 100 villages and communities in Michigan, sending out

its salesmen in trucks. The salesman calls upon his customers once every 2 weeks. At the time he makes deliveries, he takes orders for the next delivery. The salesman does not go from door to door soliciting orders nor does he call out his wares upon the street. He does, however, call on any new customers who are recommended by old customers. The plaintiff, through its agent, has been taking orders and making deliveries in this manner in the village of Flushing for more than 5 years."

The trial judge properly held that the 2 statutes involved, respectively, in *Jewel* and this case are not to be distinguished with respect to the question presented in each case and that the similarity of business operations in each is such that the decision in *Jewel* is compelling of a decision here holding plaintiff not to be peddler. We agree.

Affirmed. No costs, a public question being involved.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.