TRACER *v.* BUSHRE.

1. APPEAL AND ERROR—MOTION FOR SUMMARY JUDGMENT—PLEADING.
   Well pleaded facts in complaint are accepted by the Court of Appeals as true on appeal from order granting motion for summary judgment (GCR 1963, 117.2[1]).

2. LICENSES—RESIDENTIAL BUILDERS—POLICE POWER.
   The police power may be employed to protect the public from incompetent, inexperienced, and fly-by-night residential building contractors by barring their recovery of compensation for work done while not licensed to engage in such activity (CLS 1961, § 338.986).

3. CONSTITUTIONAL LAW—STATUTES—CONSTRUCTION.
   Courts should always strive so to construe a statute as to sustain its validity; every intendment favorable to a conclusion sustaining the law being indulged.

4. SAME—EQUAL PROTECTION—POLICE LAWS—CLASSIFICATION.
   The equal protection clause admits of the exercise of a wide scope of discretion in the classification of police laws, and avoids what is done only when it is without any reasonable basis and, therefore, purely arbitrary (US Const, Am 14, § 1).

5. SAME—EQUAL PROTECTION—MATHEMATICAL NICETY OF CLASSIFICATION.
   A classification in police laws having some reasonable basis does not offend the equal protection clause merely because it is not

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleadings § 340 *et seq.*
[2] 33 Am Jur, Licenses § 35.
[3] 16 Am Jur 2d, Constitutional Law § 144 *et seq.*
[4] 16 Am Jur 2d, Constitutional Law § 516.
[5, 8, 10] 16 Am Jur 2d, Constitutional Law § 494 *et seq.*
[6, 7] 16 Am Jur 2d, Constitutional Law §§ 137, 143.
[9] 16 Am Jur 2d, Constitutional Law § 240 *et seq.*
[11] 16 Am Jur 2d, Constitutional Law §§ 111, 187.
[12] 5 Am Jur 2d, Appeal and Error § 1009.

made with mathematical nicety or because in practice it results in some inequality (US Const, Am 14, § 1).

6. SAME—PRESUMPTIONS.

Any state of facts that can reasonably be conceived will be assumed in order to sustain a classification in police laws under the equal protection clause (US Const, Am 14, § 1).

7. SAME—CLASSIFICATION—BURDEN OF PROOF.

One who assails the classification in a police law has the burden of showing that it does not rest upon any reasonable basis but is essentially arbitrary (US Const, Am 14, § 1).

8. SAME—CLASSIFICATION—RESIDENTIAL BUILDERS ACT.

Classification contained in residential builders act which restricts required application of statute to residential builders and residential maintenance and alteration contractors to certain counties *held,* to have some reasonable basis and not to be arbitrary, as the demand for builders and contractors in heavily populated areas is so great that many enter the field without sufficient qualifications, and the fact of large population makes it difficult to ascertain the qualifications of those holding themselves out as such builders and contractors (PA 1953, No 208, as amended).

9. SAME—DELEGATION OF LEGISLATIVE AUTHORITY.

Residential builders act which may become effective in a given county only when adopted by a 3/5 vote of its board of supervisors *held,* not to contain an unconstitutional delegation of legislative authority, since here the act permits adoption of declared State policy in any county not specifically covered by the act (PA 1953, No 208, as amended).

10. SAME—INCONSISTENT PHRASING.

Plaintiff unlicensed builder's contention that the residential builders act is unconstitutional because of inconsistent and questionable phrases in the act is rejected, where he makes no showing of how these defects affect his constitutional rights (PA 1953, No 208, as amended).

11. SAME—INCONSISTENT APPLICATION OF CRIMINAL PROVISION— SEVERING CLAUSE.

Plaintiff unlicensed builder's contention that residential builders act is unconstitutional because of inconsistent application of the criminal provisions *held,* not well taken, as the criminal provisions are not before the Court, and the act contains a severing clause (CLS 1961, § 338.988).

12. Costs—Public Question—Residential Builders Act.

> No costs are awarded in suit by builder to recover for value of goods and services from defendant homeowners, where a public question is involved in the construction and application of a statute (PA 1953, No 208, as amended).

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 April 7, 1966, at Lansing. (Docket No. 316.) Decided June 14, 1966. Leave to appeal granted by Supreme Court October 8, 1966. See 378 Mich 733.

Complaint by Robert D. Tracer against Donald E. Bushre and Janet R. Bushre to recover money allegedly owed under an oral building contract. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Ralph B. Hoschner,* for plaintiff.

*Douglas I. Buck,* for defendants.

Quinn, J. Plaintiff filed suit in Genesee county circuit court to recover money allegedly due him under a building contract with defendants. By supplemental affirmative defense, defendants pleaded that plaintiff was not licensed as required by PA 1953, No 208 (CLS 1961, § 338.971 *et seq.* [Stat Ann 1957 Rev and Stat Ann 1961 Cum Supp § 18.86(1) *et seq.*]),[1] and was barred from recovery by the statute. On the basis of this affirmative defense, the trial court granted defendants' motion for summary judgment.[2] Plaintiff appeals and contends the statute is unconstitutional because it is discriminatory and class legislation, it unreasonably and illegally delegates legislative powers to the county boards of

[1] Repealed and superseded by PA 1965, No 383 (CL 1948, § 338.1501 *et seq.* [Stat Ann 1965 Cum Supp § 18.86(101) *et seq.*]).
[2] GCR 1963, 117.2(1).

supervisors, and it is ambiguous, uncertain and unreasonable.

Plaintiff, a building contractor with several years' experience but unlicensed under the above statute, lives in Shiawassee county and does work there and in Genesee county. On or about January 3, 1964, he entered into an oral contract with defendants to complete their home in Genesee county. Plaintiff pleaded that when the work was nearly completed, defendants stopped him from further work for the reason they did not have enough money to pay him and that plaintiff had then incurred obligations totaling $12,702.54 for materials and labor. Defendants contest these facts in their answer, but in the posture the case comes to us, we accept plaintiff's allegations as true. *Greenbriar Homes* v. *Cook* (1965), 1 Mich App 326.

The statute under attack is commonly referred to as "residential builders act." Section 1 thereof reads as follows:

"In order to safeguard and protect homeowners and persons undertaking to become homeowners, it shall be unlawful on and after the effective date of this act for any person to engage in the business of or to act in the capacity of a residential builder or a residential maintenance and alteration contractor in any county within this State subject to the provisions of this act on December 31, 1960, in any county brought under the operation of this act by its board of supervisors as provided in section 18[3] hereof without having a license therefor, unless such person is particularly exempted as provided in this act."

In *Alexander* v. *Neal* (1961), 364 Mich 485, with reference to this statute, the Supreme Court stated (p 487):

---

[3] The reference to section 18 was an obvious error, as section 17 was clearly intended. See CLS 1961, § 338.987 (Stat Ann 1957 Rev § 18.86[17]).

"The police power is thus employed to protect the public from incompetent, inexperienced, and fly-by-night contractors."

By appropriate action[4] of the Genesee county board of supervisors on March 24, 1959, the statute was made effective in that county. Section 16 of the act, being CLS 1961, § 338.986 (Stat Ann 1957 Rev § 18-.86[16]), bars court action by an unlicensed residential builder to collect compensation for performance of an act or contract for which license is required by the act. It is clear on the record before us that plaintiff's action is barred if the statute is constitutional. In resolving plaintiff's challenges to its constitutionality, we are bound by the basic rule stated in *Attorney General* v. *Detroit United Railway* (1920), 210 Mich 227, 253, appeal dismissed 257 US 609 (42 S Ct 46, 66 L ed 395):

"In approaching the consideration of a legislative enactment with the purpose of passing upon its constitutionality, courts usually do and always should strive to sustain its validity, if that may be done without doing actual violence to the language used in the act. Every intendment favorable to a conclusion sustaining the law must be indulged in."

Plaintiff first contends that the restricted application of this statute to residential builders and residential maintenance and alteration contractors is discriminatory as class legislation and thus violates his constitutional rights. The rule to be applied in solving this classification question is well stated in *Gauthier* v. *Campbell, Wyant & Cannon Foundry Co.* (1960), 360 Mich 510, 514:

---

[4] Resolution electing to come under the act passed by more than three-fifths vote. Required by CLS 1956, § 338.987 (Stat Ann 1957 Rev § 18.86[17]).

"The standards of classification are:

" '1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' " Citing cases.

We do not find this classification arbitrary and we do find it has some reasonable basis; for the reason that the demand for builders and contractors of this type in heavily populated areas is so great, many enter the field without sufficient qualifications. The fact of large population makes it difficult to ascertain the qualifications of those holding themselves out as such builders and contractors.

Relying on *Arlan's Department Stores, Inc.,* v. *Attorney General* (1964), 374 Mich 70, plaintiff next contends that because the boards of supervisors of counties not specifically covered by the act may make the act effective in their counties by the required vote of the boards, the act contains an unconstitutional delegation of legislative authority. The act involved in *Arlan* permitted a county board of supervisors to vary State policy declared by the act. Here the act permits adoption of declared State policy in any county not specifically covered by the act. We do

not find any unconstitutional delegation of legislative authority in the statute in question.

Plaintiff points out some inconsistencies and questionable phrases in the act but makes no showing of how they affect his constitutional rights; thus if we are to hold the statute unconstitutional because of inconsistency and questionable phrases, we must hold the act fatal on its face. In view of the rule announced in *Attorney General* v. *Detroit United Railway, supra,* and *Webster* v. *Rotary Electric Steel Co.* (1948), 321 Mich 526, and *General Motors Corp.* v. *Unemployment Compensation Commission* (1948), 321 Mich 604, this we decline to do.

Plaintiff also urges inconsistent application of criminal provisions of the act as a reason for its unconstitutionality but we do not have the criminal provision before us, and the act contains a severing clause. CLS 1961, § 338.988 (Stat Ann 1957 Rev § 18.86[18]).

Affirmed, without costs because of public question.

Lesinski, C. J., and T. G. Kavanagh, J., concurred.