TRACER *v.* BUSHRE.

OPINION OF THE COURT.

1. CONSTITUTIONAL LAW—PERMISSIBLE CLASSIFICATIONS.

Constitutional provisions relating to equal protection of the laws permit classification in statutes based on natural distinguishing characteristics which bear a reasonable relation to the object of the legislation (US Const, Am 14; Mich Const 1963, art 1, §§ 1, 2).

2. LICENSES—RESIDENTIAL BUILDERS—POLICE POWER.

The police power may be employed to protect the public from incompetent, inexperienced, and fly-by-night residential building contractors by barring their recovery of compensation for work done while not licensed to engage in such activity (CLS 1961, § 338.971 *et seq.*).

3. SAME—BUILDERS—CLASSIFICATION—BASIS.

The mere finding that residential builders more frequently abandon projects, divert funds, and fail to account, than do commercial builders, would not be a sufficient basis for statutory classification regulating residential building contractors only (CLS 1961, § 338.971 *et seq.*).

4. STATUTES—CLASSIFICATION.

There must be something intrinsic in the class regulated, its activities, or its particular relationship to the public which bears a logical relationship to the legislative purpose.

5. SAME—RESIDENTIAL BUILDERS—REGULATIONS AS A CLASS.

Residential builders may be regulated as a class only if there is something in the nature of residential building trade or a contract to build a residence, which exposes the public to a

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–8, 10–15] 16 Am Jur 2d, Constitutional Law § 494 *et seq.*
[2] 13 Am Jur 2d, Building and Construction Contracts § 130; 33 Am Jur, Licenses § 30 *et seq.*
[9] 33 Am Jur, Licenses § 68 *et seq.*
[16] 16 Am Jur 2d, Constitutional Law § 240 *et seq.*

greater danger, or at least a different danger, than is naturally to be found in that segment of the industry which is not regulated (CLS 1961, § 338.971 *et seq.*).

6. CONSTITUTIONAL LAW—EQUAL PROTECTION—MATHEMATICAL NICETY OF CLASSIFICATION.

A classification in police laws having some reasonable basis does not offend the equal protection clause merely because it is not made with mathematical nicety or because in practice it results in some inequality (US Const, Am 4, § 1; Mich Const 1963, art 1, §§ 1, 2).

7. SAME—CLASSIFICATION—RESIDENTIAL BUILDERS ACT.

Residential builders law which restricts application of the statute to residential builders and residential maintenance and alteration contractors and which is essentially a consumer protection measure, *held*, not unconstitutional for making an unreasonable classification (US Const, Am 14; Mich Const 1963, art 1, §§ 1, 2; CLS 1961, § 338.971 *et seq.*).

8. SAME—CLASSIFICATION—POPULATION BASIS.

Statute regulating business of residential builders and residential maintenance and alteration contractors in counties with a population of over 300,000 *held*, not an unreasonable classification (US Const, Am 14; Mich Const 1963, art 1, §§ 1, 2; CLS 1961, § 338.971 *et seq.*).

9. JUDGMENT—SUMMARY JUDGMENT—LICENSES—RESIDENTIAL BUILDER.

Summary judgment for defendant in action by residential builder against defendant for money due under oral contract to build a residence is affirmed, where motion for summary judgment was made on ground that plaintiff was not licensed as a residential builder as required by statute (CLS 1961, § 338.971 *et seq.*).

DISSENTING OPINION.

T. M. KAVANAGH, J.

10. STATUTES—CLASSIFICATION—EQUAL PROTECTION.

*Legislation which fails to include and affect alike all persons of the same class, and extends immunities or privileges to one part and denies them to others of like kind by unreasonable or arbitrary classification, is contrary to the equal protection guarantees of the Federal and State Constitutions (US Const, Am 14; Mich Const 1963, art 1, §§ 1, 2).*

11. Constitutional Law—Classification—Residential Builders.

*Residential builders law, the purpose of which was to protect the consumer from all unscrupulous building contractors but which restricts application of the statute to residential builders and residential maintenance and alteration contractors, is unconstitutional because the classification bears no reasonable relation to the purpose of the act and is an arbitrary and discriminatory treatment of some of the contractors in the building business (CLS 1961, § 338.971 et seq.).*

12. Same—Residential Builders.

*Residential builders law imposes, upon threat of criminal sanctions, the requirement that a residential builder be familiar with the housing laws of the State and other laws, rules, and regulations governing residential construction or a combination of residential and commercial construction without indicating specifically the laws, rules, and regulations with which the contractor must comply, and the lack of definiteness leaves the contractor without any information as to what violations will make him subject to criminal penalties and leaves the act impossible to administer (CLS 1961, § 338.971 et seq.).*

13. Same—Delegation of Legislative Authority.

*Residential builders act which regulates contractors engaged in building or altering residential structures or a combination of residential and commercial structures without defining the structures and which charges the corporation and securities commission with administering the act is an improper delegation of authority without definable standards (CLS 1961, § 338.971 et seq.).*

14. Same—Classification—Regulation of Builders.

*Residential builders law which restricts application of statute to residential builders and residential maintenance and alteration contractors is unconstitutional in that it arbitrarily and discriminatorily attempts to regulate only a part of the class of contractors in the building business and no standards have been provided to determine what class is regulated (CLS 1961, § 338.971 et seq.).*

15. Same—Residential Builders—Equal Protection.

*Residential builders laws are unconstitutional where they deny equal protection of the laws to the builders subject to the acts (PA 1953, No 208, as amended; PA 1965, No 383, as amended),*

16. CONSTITUTIONAL LAW—DELEGATION OF AUTHORITY—STANDARDS
    —RESIDENTIAL BUILDERS ACT.
    *Statute relating to residential builders which restricts its ap-
    plication to residential builders and residential maintenance
    and alteration contractors is unconstitutional for making an
    improper delegation of authority without definable standards
    (CLS 1961, § 338.971 et seq.).*

Appeal from Court of Appeals, Division 2, Le-
sinski, C. J., Quinn, and T. G. Kavanagh, JJ., affirm-
ing Genesee, Parker (Donn D.), J. Submitted No-
vember 8, 1967. (Calendar No. 25, Docket No.
51,544.) Decided September 25, 1968.

3 Mich App 494, affirmed.

Complaint by Robert D. Tracer against Donald
E. Bushre and Janet R. Bushre to recover money
under an oral building contract. Summary judg-
ment for defendants. Affirmed by Court of Appeals.
Plaintiff appeals. Affirmed.

*Ralph B. Hoschner,* for plaintiff.

*Burroughs, Buck, Stalker & Chapman,* for defend-
ant.

T. E. BRENNAN, J. Plaintiff sued defendants for
money allegedly due under an oral contract to build
a residence. Defendants moved for summary judg-
ment on the ground that plaintiff was not licensed as
a residential builder as required by PA 1953, No 208
(CLS 1961, § 338.971 *et seq.,* Stat Ann 1957 Rev and
Stat Ann 1961 Cum Supp § 18.86[1] *et seq.*).[1]

---

[1] Repealed and superseded by PA 1965, No 383, as amended by
PA 1966, No 12 (MCLA § 338.1501 *et seq.,* Stat Ann 1968 Cum Supp
§ 18.86[101] *et seq.*).

The motion for summary judgment was granted. Appeal was taken to the Court of Appeals, challenging the constitutionality of the cited statute. The summary judgment was affirmed by the Court of Appeals, 3 Mich App 494, and we granted leave to appeal, 378 Mich 733.

One issue is deemed worthy of discussion:

*Whether the residential builders law is unconstitutional because it does not license and regulate builders of commercial buildings.*

The gist of plaintiff's argument is as follows:

While the State has the authority under the police power to regulate building contractors, there is no reasonable basis upon which residential and commercial builders can be distinguished.

It is pointed out that both commercial and residential builders deal with the public, both are in a position to injure the public through dishonesty or incompetence.

Plaintiff contends that many, if not most, building contractors engage in both residential and commercial building work, and use the same materials, workmen, subcontractors, et cetera, for both types of construction. .

Thus it is argued that if there is a need to regulate the one, there is the same need to regulate the other, that no reasonable classification relating to the purpose of the regulation can be hypothesized, and therefore PA 1953, No 208, is discriminatory class legislation, offends against State and Federal constitutional mandates of equal protection,[2] and is void and unenforceable.

"These constitutional provisions do not mean that there can be no classification in the application of statutes and ordinances, but only that the classification must be based on natural distinguishing char-

[2] US Const, Am 14; Mich Const 1963, art 1, §§ 1, 2.—REPORTER.

acteristics and must bear a reasonable relation to the object of the legislation." *Cook Coffee Co.* v. *Village of Flushing* (1934), 267 Mich 131, p 134.

The title of PA 1953, No 208, is as follows:

"An act to provide for the licensing and rights of any person to engage *in business as a residential builder or residential maintenance and alteration contractor* in certain counties within the state, and prescribing duties and powers of the Michigan corporation and securities commission relative thereto; to fix the standards of qualifications and eligibility for the practice thereof; to authorize the collection and expenditure of fees; to provide penalties for the violation of this act; and to repeal all acts and parts of acts in conflict with the provisions of this act." (Emphasis supplied.)

Section 1 of the act clearly states that the regulation thereof is *to safeguard and protect homeowners and persons undertaking to become homeowners.*

In *Alexander* v. *Neal* (1961), 364 Mich 485, 487, we said:

"Statutes and municipal ordinances similar in purport to the above are commonplace in this country. The police power is thus employed to protect the public from incompetent, inexperienced, and fly-by-night contractors."

Examination of the causes for which a residential builder's license can be revoked or suspended gives us the best understanding of the evils sought to be cured by this act:

"Sec. 9. The commission may, upon its motion or upon the verified complaint in writing of any person made within 18 months after completion, occupancy or purchase of a residential or combination of residential and commercial building, investigate the actions of any residential builder or residential maintenance and alteration contractor or any

person who shall assume to act in such capacity within this state, and shall have the power to suspend or revoke any licenses issued under the provisions of this act at any time where the licensee is performing or attempting to perform any of the acts mentioned herein:

"(a) Abandonment without legal excuse of any construction project or operation engaged in or undertaken by the licensee;

"(b) Diversion of funds or property received for prosecution or completion of a specific construction project or operation, or for a specified purpose in the prosecution or completion of any construction project or operation, and their application or use for any other construction project or operation, obligation or purpose;

"(c) Failure to account for or to remit any moneys coming into his possession which belong to others;

"(d) Wilful departure from or disregard of plans or specifications in any material respect and prejudicial to another, without consent of the owner or his duly authorized representative and without the consent of the person entitled to have the particular construction project or operation completed in accordance with such plans and specifications;

"(e) Wilful or deliberate disregard and violation of the building laws of the state or of any political subdivision thereof, or of the safety laws or labor laws or compensation insurance laws of the state;

"(f) Misrepresentation of a material fact by an applicant in obtaining a license;

"(g) Making any substantial misrepresentation, or making any false promise of a character likely to influence, persuade or induce;

"(h) Advertising in any manner whatsoever that said residential builder or residential maintenance and alteration contractor is licensed under this act;

"(i) Changing business location without notification to the commission within 30 days from the date of change;

"(j) Any conduct, whether of the same or of a different character than hereinbefore specified, which constitutes dishonesty or unfair dealings.

"This act shall not be construed to relieve any person from civil liability or criminal prosecution under the general laws of this state, and complaints pertaining to the erection, construction, replacement, repair, alteration, additions to, subtractions from, improvement, movement of, wrecking or demolition of any building covered by the provisions of this act shall only be considered by the commission, · and if made by written verified complaint within 60 days after completion, occupancy or purchase of said structure, by the proper authorities charged with the enforcement of the laws governing the construction of residential or a combination of residential and commercial buildings in the various political subdivisions of the state." PA 1953, No 208, § 9, as amended by PA 1960, No 101 (CLS 1961, § 338.979, Stat Ann 1961 Cum Supp § 18.86[9]).

The distinctions between commercial and residential builders as they relate to the evils enumerated in the act, are rather subtle.

We must assume that the legislature found as a fact that residential builders were in need of policing more than commercial builders.

But the mere finding that residential builders more frequently abandon projects, divert funds, fail to account, et cetera, than do commercial builders, would not be a sufficient basis upon which to predicate the classification.

"It is not sufficient that the public sustains harm from a certain trade or employment as it is conducted by some engaged in it. Because many men engaged in the calling persist in so conducting the business that the public suffers and their acts cannot otherwise be effectually controlled, is no justification for a law which prohibits an honest man from conducting the business in such a manner as

not to inflict injury upon the public." *State* v. *City of Sheridan* (1918), 25 Wyo 347, 358 (170 P 1, 13, 1 ALR 955, 959).

There must be something intrinsic in the class regulated, its activities, or its particular relationship to the public, which bears a logical relationship to the legislative purpose.

Thus residential builders may be regulated as a class only if there be something in the nature of the residential building trade or a contract to build a residence, which exposes the public to a greater danger, or at least a different danger, than is naturally to be found in that segment of the industry which is not regulated.

The residential builders law is essentially a consumer protection measure. Typically, a residential building contract situation will have many of the following incidents:

1. The buyer will be an individual.

2. The buyer and builder will not have been previously acquainted.

3. Construction advances, deposits and down payments will be required.

4. The buyer will make such advances or deposits out of personal savings accumulated from wages.

5. The buyer will depend on the builder's skill and expertise, both in construction techniques and in the requirements of building codes, et cetera.

6. A registered architect will not be employed, or if retained to design the home, will not supervise the construction.[3]

---

[3] The following exemption appears in the statute regulating the architectural profession:

"Nothing in this act shall be construed as requiring supervision by an architect or professional engineer on private single residences for which he has rendered other professional services as herein defined.

"Nothing in this act shall prevent any owner from doing any of the architectural, engineering, or surveying work mentioned herein upon or in connection with the construction of buildings on his own

7. The builder will be an individual entrepreneur or a closed corporation with very minimal capitalization, and will need to use deposits and construction advances to continue the work.

8. The buyer intends to occupy the home, and any abandonment of the project or failure of the builder seasonably to perform will work personal hardship on the buyer.

9. If the builder fails to pay subcontractors and suppliers, they will have a right to encumber the home with mechanics' liens.

10. The buyer anticipates encumbering the property with a long-term first mortgage.

Now it may be that there are some commercial building transactions in which many of the above elements are present; and many residential building transactions in which some of the enumerated elements are not present. *Alexander* v. *Neal, supra,* is an example of the latter.

But,

" '2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality.  *  *  * *Lindsley* v. *Natural Carbonic Gas Co.,* 220 US 61, 78 (31 S Ct 337, 55 L Ed 369, Ann Cas 1912C, 160).' " *Naudzius* v. *Lahr,* 253 Mich 216, at pp 222, 223.

" 'It is enough that the present statute strikes at the evil where it is felt and reaches the class of cases where it most frequently occurs.' " *Naudzius* v. *Lahr, supra,* p 226, quoting *Silver* v. *Silver* (1929), 280 US 117 (50 S Ct 57, 59, 65 ALR 939, 943).

The case of *Sullivan* v. *Graham* (1953), 336 Mich 65, should be mentioned. There we held the former

property for his own use, nor be construed as preventing a person not registered under this act from planning, designing or supervising the construction of residence buildings not exceeding 2,500 square feet per building in 'calculated floor area.' "  CLS 1961, § 338.569 (Stat Ann 1957 Rev § 18.84[19]).

residential builders act, PA 1939, No 311, as amended by PA 1945, No 315 (CL 1948, §§ 338.701–338.720 [Stat Ann 1955 Cum Supp §§ 18.85(1)–18.85 (22)]), to be unconstitutional because it created an arbitrary and unreasonable class. That statute exempted trustees, banks, trust companies, building and loan associations, and savings and loan associations from its purview. We held this exemption arbitrary, and a denial of equal protection of the laws and due process of law.

The present act, passed in 1953, eliminated the objectionable exemption.

The *Sullivan Case* did, however, hold that the population factor of the prior act, making it applicable to counties over 250,000 population, was not an unreasonable classification. Similarly, the 300,000 population requirement in the 1953 act is valid.

Affirmed, with costs to appellees.

DETHMERS, C. J., and KELLY, SOURIS,* and O'HARA, JJ., concurred with T. E. BRENNAN, J.

BLACK, J., concurred in result.

T. M. KAVANAGH, J. *(dissenting)*. Plaintiff sued defendants in the circuit court for Genesee county for money allegedly due under an oral contract to build a residence. Defendants moved for summary judgment on the ground that plaintiff was not licensed as a residential builder as required by PA 1953, No 208, as amended (CLS 1961, § 338.971 *et seq.* [Stat Ann 1957 Rev and Stat Ann 1961 Cum Supp § 18.86(1), *et seq.*]),[1] and that, therefore, plaintiff was barred from recovery by the statute.

---

* The opinions in this case were signed prior to July 1, 1968, the effective date of the resignation of Justice SOURIS.

[1] Repealed and superseded by PA 1965, No 383, as amended by PA 1966, No 12 (MCLA § 338.1501 *et seq.* [Stat Ann 1968 Cum Supp § 18.86(101) *et seq.*]).

The motion for summary judgment was granted. Appeal was taken to the Court of Appeals, challenging the constitutionality of the cited statute. The summary judgment was affirmed by the Court of Appeals. 3 Mich App 494. Leave to appeal to this Court was granted. 378 Mich 733.

Plaintiff raises three questions:

(1) Whether the residential builders law is unconstitutional for the reason that said act is discriminatory and class legislation.

(2) Whether the residential builders law is unconstitutional because of the fact that by the provisions of this act allowing the boards of supervisors of counties to make the act effective, there has been an unreasonable and illegal delegation of the powers of the legislature to the county boards of supervisors.

(3) Whether the residential builders law is ambiguous, uncertain, and unreasonable and, therefore, unconstitutional.

This Court has dealt with this subject many times. In *Osius* v. *City of St. Clair Shores* (1956), 344 Mich 693, dealing with the subject of a zoning decision which denied the construction of a gasoline station in an area zoned as business B, this Court said (p 698):

"There is no doubt that a legislative body may not delegate to another its lawmaking powers. It must promulgate, not abdicate. This is not to say, however, that a subordinate body or official may not be clothed with the authority to say when the law shall operate, or as to whom, or upon what occasion, *provided, however, that the standards prescribed for guidance are as reasonably precise as the subject matter requires or permits.*" (Emphasis added.)

Again, in *Certain-Teed Products Corporation* v. *Paris Township* (1958), 351 Mich 434, dealing with a zoning board's denial of a permit to extract gypsum deposits, the Court said (p 444):

"This Court has previously held that such a requirement which places the existence or nonexistence of a particular business or industry wholly at the discretion of the administrative board represents an *unreasonable and unconstitutional invasion of property rights in the absence of standards for the exercise of such discretion previously determined by legislative action in the zoning ordinance itself.*" (Emphasis added.)

In *Palmer Park Theatre Company* v. *City of Highland Park* (1961), 362 Mich 326, 346, dealing with a fee on air conditioners that were nonrecirculating, the Court quoted with approval the following language from *Cook Coffee Co.* v. *Village of Flushing* (1934), 267 Mich 131, 134:

" 'These constitutional provisions do not mean that there can be no classification in the application of statutes and ordinances, *but only that the classification must be based on natural distinguishing characteristics and must bear a reasonable relation to the object of the legislation.*' " (Emphasis added.)

In *Beauty Built Construction Corporation* v. *City of Warren* (1965), 375 Mich 229, this Court held that a tap-in fee by the city of Warren for those in the process of building and who had failed to tap-in to its waterline, but excluding those who had completed their buildings, was unconstitutional, stating (p 236):

"Where an ordinance fails to include and affect alike all persons of the same class, and extends immunities or privileges to one part and denies them to others of like kind by unreasonable or

arbitrary classification, the same is contrary to the equal protection guarantees of the State and Federal Constitutions."

In dealing with the subject matter of the instant case, the statute has attempted to regulate and license *all residential builders or residential maintenance and alteration contractors.* Presumably all other building contractors are exempt. Our examination of the statutes of other States discloses that contractor licensing laws in each instance apply to all contractors regardless of the type of structure being built.

Justice T. E. BRENNAN in affirming the Court of Appeals cites 10 typical residential building contract situations which would have certain common incidents. But each of the 10 cited situations is equally applicable to the commercial contractor as well as to the residential builder. This criteria are distinctions without a difference.

The consumer, as Justice T. E. BRENNAN intimates, deserves protection from *all* unscrupulous building contractors. This statute was intended to carry out that purpose. But the means chosen cannot be viewed as reasonably related to this end. Under this statute the classification bears no reasonable relation to the purpose of the act but is an arbitrary and discriminatory treatment as to some of the contractors in the building business and is, therefore, unconstitutional.

An examination of the statute shows that a "residential builder" is defined in section 2(b) of the statute as amended,[2] as follows:

"(b) 'Residential builder' means *any person engaged in the construction of residential structures or a combination of residential and commercial*

---

[2] Section 2(b) as amended by PA 1961, No 215 (CLS 1961, § 338-.972 [Stat Ann 1961 Cum Supp § 18.86(2)]).

*structures* who, for a fixed sum, price, fee, percentage, valuable consideration or other compensation, other than wages, undertakes with another or offers to undertake or purports to have the capacity to undertake with another for the erection, construction, replacement, repair, alteration or any addition to, subtraction from, improvement, movement of, wrecking of or demolition of, a residential structure or combination of residential and commercial structure, or any person who erects a residential structure or combination of residential and commercial structure except for his own use and occupancy on his own property, and who is skilled in the planning and superintending of residential construction or a combination of residential and commercial structure except for his own use and occupancy on his own property, and who is skilled in the planning and superintending of residential construction or a combination of residential and commercial construction, and has a practical knowledge of the same, *and who is familiar with the housing laws of Michigan and other laws, rules and regulations governing residential construction or a combination of residential and commercial construction.*"   (Emphasis added.)

The term "residential maintenance and alteration contractor" is defined in section 2(c) of the statute as amended,[3] as follows:

"(c) 'Residential maintenance and alteration contractor' means any person who, for a fixed sum, price, fee, percentage, valuable consideration or other compensation, other than wages, undertakes with another for the repair, alteration or any addition to, subtraction from, improvement of, movement of, wrecking of or *demolition of a residential structure or combination of residential and commercial structure,* or building of a garage, or laying of concrete on residential property, except for his own use and occupancy; and who is skilled in the

---

[3] See footnote 2.

planning and superintending of residential mainte-
nance and alteration construction, or a combination
of residential and commercial maintenance and
alteration construction, and has a practical knowl-
edge of same, *and who is familiar with the housing
laws of Michigan and other laws, rules and regula-
tions governing residential maintenance and altera-
tion construction or a combination of residential
and commercial maintenance and alteration con-
struction.* The provisions of this act shall not be
construed to prevent a duly licensed residential
maintenance and alteration contractor from con-
structing an addition to an existing residential
structure, or any other structure accessory to an
existing residential structure." (Emphasis added.)

The term "residential structure" or "combination
of residential and commercial structure" is not in
any way defined, and the Michigan corporation and
securities commission (which is the agency charged
with administering the act) has absolutely no stand-
ard by which to determine what constitutes a "res-
idential structure" or a "combination of residential
and commercial structure."

Because this act carries criminal penalties, it is
most important that those required to be licensed
under it as well as the agency charged with ad-
ministering it have definite information as to whom
and how the act is to apply. Given the present
ambiguity of this statute's classification, it is, in-
deed, strange to impose upon threat of criminal
sanctions the requirement that the "residential
builder" be "familiar with the housing laws of
Michigan, and other laws, rules, and regulations
governing residential construction or a combination
of residential and commercial construction" without
indicating specifically the laws, rules, and regula-
tions with which the contractor must comply. This
lack of definiteness leaves the contractor without any

information as to what violations will make him subject to criminal penalties and leaves the act impossible to administer.

We hold, as did Justice Kelly in *City of Saginaw* v. *Budd* (1968), 381 Mich 173, that the statute discloses there is an improper delegation of authority without definable standards. *Osius* v. *City of St. Clair Shores, supra; Hoyt Brothers, Inc.,* v. *City of Grand Rapids* (1932), 260 Mich 447; *O'Brien* v. *State Highway Commissioner* (1965), 375 Mich 545.

See, also, *Fox* v. *Employment Security Commission* (1967), 379 Mich 579, as well as authorities cited herein.

The statute involved in this case is unconstitutional in that it arbitrarily and discriminatorily attempts to regulate only a part of the class of contractors in the building business. It is also unconstitutional for the reason the legislature has not provided any standards for the corporation and securities commission to determine what is and what is not a "residential structure" or a "combination of residential and commercial structure."

We hold PA 1953, No 208, as amended, and PA 1965, No 383, as amended, were from the beginning constitutionally invalid, and are now invalid, in that they constitute a denial to this plaintiff and others like him of equal protection of the laws under the Michigan and United States Constitutions.

Having reached the above conclusion, it is not necessary for us to pass on the other questions raised by plaintiff.

The decision of the Court of Appeals affirming the trial court should be reversed, the trial court's summary judgment should be vacated and set aside, and the cause should be remanded for further proceedings.

Plaintiff shall have costs.

ADAMS, J. *(dissenting)*. I agree with Justice T. M. KAVANAGH that the statute disclosed an improper delegation of authority without definable standards. Consequently, PA 1953, No 208, as amended (CLS 1961, § 338.971 *et seq.* [Stat Ann 1957 Rev and Stat Ann 1961 Cum Supp § 18.86(1) *et seq.*]), was unconstitutional. The case should be remanded for further proceedings. I so cast my vote.